J-S45045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BOBBY JACOB WRIGHT, SR. | : | |
| | : | |
| Appellant | : | No. 501 MDA 2018 |

Appeal from the PCRA Order February 28, 2018
in the Court of Common Pleas of Lancaster County
Criminal Division at No.:  CP-36-CR-0004537-2016

BEFORE:   PANELLA, J., OTT, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 25, 2018**

Appellant, Bobby Jacob Wright, Sr., appeals *pro se* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court aptly summarized the background of this case as follows:

> On March 27, 2017, [Appellant] pled guilty to a felony charge of possession with intent to deliver cocaine, a misdemeanor charge of possession of heroin, driving under the influence of alcohol, false identification to law enforcement, driving while operating privilege is suspended and violation of traffic control devices.  [The] facts underlying the charges are that on August 20, 2016, [Appellant] was stopped by police after running a red light.  During the traffic stop, the officer could smell the odor of alcohol coming from [Appellant's] breath and person and observed [Appellant] to have bloodshot, watery eyes and to be slurring his speech.  [Appellant] admitted that his driving privileges were suspended and gave a false name to the officer. During the search incident to arrest, six (6) bags of cocaine and

_____

* Retired Senior Judge assigned to the Superior Court.

three hundred sixty-five dollars ($365.00) in cash was found on [Appellant's] person. During a subsequent search of [Appellant's] vehicle, a bundle of heroin and an additional eight hundred thirty-five dollars ($835.00) was discovered. During the proceedings, [Appellant] acknowledged that he committed the offenses and confirmed that by pleading guilty he was admitt[ing] to the underlying facts as alleged by the Commonwealth.

Pursuant to the terms of the negotiated plea agreement, [Appellant] was sentenced to an aggregate term of twenty-seven (27) months to fifty-four (54) months of incarceration. [Appellant] did not file any post sentence motion or a direct appeal. On August 23, 2017, [Appellant] filed a timely *pro se* PCRA petition. MaryJean Glick, Esquire was appointed as counsel for [Appellant], but filed a **Turner/Finley**[1] letter and motion to withdraw on October 30, 2017. Following a response from [Appellant], appointed counsel filed an amended **Turner/Finley** letter and motion to withdraw on December 1, 2017.

(Notice issued pursuant to Pennsylvania Rule of Criminal Procedure 907(1), 1/11/18, at 1-2) (footnotes omitted); **see** Pa.R.Crim.P. 907(1).

On January 11, 2018, the PCRA court issued Rule 907 notice of its intent to dismiss the petition without a hearing, and granted counsel's motion to withdraw. Following Appellant's submission of a response, the court entered its order dismissing the PCRA petition on February 28, 2018. This timely appeal followed.[2]

Appellant raises the following overlapping issues for our review:

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] Appellant timely filed a court-ordered concise statement of errors complained of on appeal on March 29, 2018. The court entered an opinion on April 19, 2018, in which it referred this Court to its Rule 907 notice for the reasons for its decision. **See** Pa.R.A.P. 1925.

- 2 -

I. Whether Appellant is entitled to post-conviction relief as a result of trial counsel's ineffectiveness in neglecting to investigate when there is a real possibility that crucial evidence was mishandled and/or tampered with, by the prosecution, and therefore tainted[?]

II. Whether Appellant is entitled to post-conviction relief as a result of trial counsel advising Appellant to plead guilty but refusing to submit a motion to suppress evidence when Appellant requested that he do so because of the discrepancies in the evidence[?]

III. Whether Appellant is entitled to post-conviction relief as a result of trial counsel withholding discovery material[s] which prevented Appellant from knowing the extent of the prosecution's case so that Appellant could make an intelligent decision in regards to the guilty plea[?]

IV. (Separate Matter) Whether PCRA counsel was ineffective for abandoning two of the issues raised with this [C]ourt as well as the PCRA court erring by failing to adjudicate those same issues[?]

(Appellant's Brief, at 4).[3]

We begin by noting, "[w]hen reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." **Commonwealth v. Jordan**, 182 A.3d 1046, 1049 (Pa. Super. 2018) (citation omitted).

---

[3] We note at the outset that Appellant's fourth issue, claiming ineffective assistance of PCRA counsel, is waived for his failure to raise it in his Rule 1925(b) statement. (**See** Rule 1925(b) Statement, 3/29/18); **see also** Pa.R.A.P. 1925(b)(4)(vii).

Instantly, Appellant purports to raise three issues challenging the assistance of plea counsel, which we collectively interpret as a claim that counsel's ineffectiveness caused him to enter an involuntary and unknowing plea. (**See** Appellant's Brief, at 7-12).[4] In support, he argues that counsel failed to investigate the prosecution's mishandling or tampering with evidence of the drugs recovered from his person and/or vehicle, pointing to discrepancies regarding the total weight of cocaine and number of bags of heroin. (**See id.** at 7, 9-10). Appellant's arguments merit no relief.

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty.
>
> We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA, 42 Pa.C.S.A. § 9543(a)(2)(ii). The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Appellant must

---

[4] Appellant's *pro se* brief is rambling and difficult to follow. We nonetheless address his claims as we interpret them, keeping in mind that we construe liberally filings by *pro se* litigants. **See Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005).

demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

Moreover, trial counsel is presumed to be effective.

In the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea. [A] defendant is bound by the statements which he makes during his plea colloquy. As such, a defendant may not assert grounds for withdrawing the plea that contradict statements made when he entered the plea.

***Commonwealth v. Orlando***, 156 A.3d 1274, 1280–81 (Pa. Super. 2017)

(case citations and quotation marks omitted).

Here, the PCRA court addressed Appellant's claims as follows:

. . . [Appellant], with the assistance of counsel, signed a written guilty plea colloquy form and plea agreement indicating he knew and understood the charges to which he was pleading guilty and the sentence that he would receive. [Appellant] confirmed on the record that he understood the charges to which he was pleading guilty, the terms and conditions of the plea agreement and the sentence that he would receive. [Appellant] confirmed that he understood the nature of the charges to which he was pleading guilty, including the elements which the Commonwealth would have to prove for each. [Appellant] also confirmed that the facts underlying the charges were the facts to which he was pleading guilty and that he was pleading guilty because he did, in fact, commit those offenses. The Court reviewed with [Appellant] and confirmed [Appellant's] understanding of his right to a jury trial and the Commonwealth's duty to prove the elements of each offense beyond a reasonable doubt. [Appellant] confirmed that he understood the permissible sentencing range for each offense, which were reviewed with [Appellant] on the record. Additionally, [Appellant] stated that it was his decision to plead guilty and that he was not forced, threatened or coerced in any way to plead

guilty. Based on all of the above, [Appellant's] plea was found to be voluntary, knowing and intelligent and [Appellant] was sentenced pursuant to the negotiated agreement. [Appellant's] post-sentence rights were also reviewed with him in a colloquy on the record. The record clearly demonstrates that [Appellant's] guilty plea was knowing, voluntary, and intelligent.

[Appellant] has also failed to establish that any act or omission by his counsel caused him to enter an unknowing, unintelligent or involuntary plea. [Appellant] acknowledges that he was aware of the discrepancies in discovery prior to pleading guilty and that he raised the issue with his trial counsel prior to pleading guilty. Despite being aware of these issues, [Appellant] chose to plead guilty. Furthermore, it appears that the issue was discussed in detail with [Appellant] by his trial counsel, who explained to [Appellant] that the discrepancies could be an issue for cross-examination at trial. [Appellant] still chose to plead guilty. Any advice by counsel to do so was clearly reasonable given the evidence against [Appellant] and the lack of a reasonable basis to seek suppression of the evidence despite the discrepancies in the discovery. There is no question that multiple bags of heroin and cocaine were discovered on [Appellant's] person and in his vehicle and [Appellant] does not deny this fact anywhere in his filings. The amount of the heroin and cocaine had no effect on the charges against [Appellant] or his sentence. The negotiated plea agreement provided for an aggregate sentence at the bottom of the standard guideline range for all charges and a maximum sentence only twice the minimum sentence. [Appellant] has clearly failed to meet his burden of establishing that his underlying claims have arguable merit, that any action or omission by his trial counsel lacked an objective reasonable basis and that any such action or omission caused [Appellant] to enter an invalid plea.

(Rule 907 Notice, at 5-7) (footnotes and case citation omitted).

Upon review of the record, we find that it fully supports the PCRA court's assessment of Appellant's ineffective assistance of counsel claims, and we conclude that counsel's alleged ineffectiveness did not cause Appellant's entry

of an involuntary or unknowing plea. **See Jordan**, **supra** at 1049; **Orlando**, **supra** at 1281. Accordingly, we affirm the order of the PCRA court.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/25/2018