J-S61021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DARRYL HARRIS, | : | |
| Appellant | : | No. 3194 EDA 2017 |

Appeal from the PCRA Order August 21, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0358691-1992

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY BOWES, J.:                     **FILED OCTOBER 18, 2018**

Darryl Harris appeals from the order that denied his petition filed

pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

The PCRA court offered the following summary of the history of this

case.

> [Appellant] was arrested and subsequently charged in connection with the death of Anthony Vaughn on February 7, 1990 in the city and county of Philadelphia.  On March 16, 1993, following a jury trial presided over by the Honorable David N. Savitt, [Appellant] was convicted of first-degree murder, retaliation against a witness, possession of an instrument of a crime ("PIC"), and criminal conspiracy.  On that same date, the trial court sentenced [Appellant] to a mandatory term of life imprisonment without parole for the first-degree murder bill and deferred sentencing on the remaining bills.  On April 21, 1994, [Appellant] was sentenced to a concurrent term of years on the remaining bills.  Following a direct appeal, the Superior Court affirmed the judgment of sentence on May 30, 1995, and the Pennsylvania Supreme Court denied allocatur on October 27, 1995.  [**Commonwealth v. Harris**, 664 A.2d 1055 (Pa.Super. 1995) (unpublished memorandum), *appeal denied*, 668 A.2d 1124 (Pa. 1995).]

On September 16, 1996, [Appellant] filed his first *pro se* PCRA petition. Counsel was appointed and subsequently filed an amended PCRA petition on April 8, 1997, followed by a supplemental PCRA petition dated October 21, 1997. The PCRA court formally dismissed the petition on October 21, 1997. The Superior Court affirmed the PCRA court's dismissal on June 7, 1999, and the Pennsylvania Supreme Court denied allocatur on December 7, 1999. [**Commonwealth v. Harris**, 742 A.3d 1144 (Pa.Super. 1999) (unpublished memorandum), *appeal denied*, 749 A.3d 467 (Pa. 1999).]

[Appellant] filed a second PCRA petition on March 18, 2003. On May 30, 2003, [Appellant's] second PCRA petition was formally dismissed as untimely. [Appellant] filed a notice of appeal on June 26, 2003. On February 4, 2004, the appeal from [Appellant's] second PCRA petition was dismissed by the Superior Court for failure to file a brief.

On August 20, 2012, [Appellant] filed the instant *pro se* PCRA petition, his third. [Appellant] also submitted numerous supplemental filings which were reviewed jointly with his 2012 petition. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served notice of the PCRA court's intention to dismiss his petition on June 16, 2017.[1] [Appellant] submitted a response to the Rule 907 notice on July 7, 2017. On August 21, 2017, the PCRA court dismissed his PCRA petition as untimely.

PCRA Court Opinion, at 1-2 (footnotes and unnecessary capitalization omitted). Appellant filed a timely notice of appeal. The trial court did not order Appellant to file a statement of errors complained of on appeal, but did author an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant presents this Court with two questions.

---

[1] After an indication that Appellant's 2012 filing was in "initial review status," there was no activity on Appellant's petition for nearly five years. Indeed, it was not until Appellant requested documents and filed additional petitions in 2017 that the court took any action. Such delay, unexplained, is unacceptable.

I.    Whether the PCRA . . . court was in error by way of dismissing [A]ppellant's sub-claims in his subsequent filing for collateral review without providing a hearing and appointment of counsel prior to dismissal?

II.    Whether in reviewing the propriety of the PCRA court's dismissal of [A]ppellant's post-conviction filing, it was an abuse of discretion for the PCRA court "to determine and dismiss as a subsequent PCRA petition, where [A]ppellant's claims would not be cognizable, if raised in a timely PCRA petition?"

Appellant's brief at 1 (unnecessary capitalization omitted).

We begin with a discussion of the relevant law. "When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." **Commonwealth v. Jordan**, 182 A.3d 1046, 1049 (Pa.Super. 2018).

The PCRA court dismissed Appellant's petition as untimely. It is well-settled that the timeliness of a post-conviction petition is jurisdictional. **See**, **e.g.**, **Commonwealth v. Lewis**, 63 A.3d 1274, 1280-81 (Pa.Super. 2013) (quoting **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.")). Therefore, before considering whether Appellant raised valid substantive claims, we must determine whether the petition was timely filed.

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment

of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within sixty days of the date on which it became available. 42 Pa.C.S. § 9545(b).

Appellant acknowledges that the instant petition is facially untimely. Appellant's brief at 4. However, Appellant argues that his petition satisfied the timeliness exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(ii) and (iii).[2] Invoking the latter subsection (new, retroactive constitutional right), Appellant contends that his petition was timely filed within sixty days of the United States Supreme Court's decisions in **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016). Appellant's brief at 5.

In **Miller**, the Court held that the application of mandatory sentences of life imprisonment without possibility of parole to individuals who were

---

[2] Those exceptions apply if the petitioner raises within sixty days of the date the claim could have been presented, and proves:

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[; or]

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

juveniles at the time they committed homicides was unconstitutional. *Miller*, *supra* at 470. In *Montgomery*, the Court determined that *Miller* announced a new substantive rule of law that applies retroactively. *Montgomery*, 136 S. Ct. at 736.

Appellant was not a juvenile at the time of Vaughn's murder; rather, he was twenty-two years old. Accordingly, *Miller* and *Montgomery* are not applicable to Appellant's sentence. *See Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa.Super. 2016) ("[P]etitioners who were older than 18 at the time they committed murder are not within the ambit of the *Miller* decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)."). Hence, subsection (b)(1)(iii) does not provide a basis for the exercise of jurisdiction to entertain the merits of Appellant's untimely petition.

Appellant also argues that his petition met the newly-discovered facts exception provided in subsection (b)(1)(ii). Appellant's brief at 9.

> [I]n determining whether a petitioner qualifies for the exception to the PCRA's time requirements pursuant to subsection 9545(b)(1)(ii), the PCRA court must first determine whether "the facts upon which the claim is predicated were unknown to the petitioner." In some cases, this may require a hearing. After the PCRA court makes a determination as to the petitioner's knowledge, it should then proceed to consider whether, if the facts were unknown to the petitioner, the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records.

*Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017).

The newly-discovered fact that Appellant contends supports the timeliness exception is that Hassan Bilal, a witness for the Commonwealth at Appellant's 1993 trial, had a "'cozy' relationship" with law enforcement and the Philadelphia DA's office. Appellant's brief at 9. Specifically, Appellant asserts that he discovered that Bilal was given favorable treatment by the Commonwealth in its case against Bilal in exchange for his testimony against Appellant and others. *Id*. at 10-11.

In support of his claim, Appellant relies upon representations made at Bilal's 1993 sentencing hearing, statements made by the prosecution in an unrelated 1994 case about Bilal's cooperation, and a 2003 Pennsylvania Supreme Court decision discussing a claim made regarding Bilal's status as "a regular jailhouse informant" by a defendant in another case. *Id*. at 11-19 (citing N.T. Bilal Sentencing, 3/19/93; N.T. Nocentino Trial, 5/26/94; and ***Commonwealth v. McGill***, 832 A.2d 1014, 1019 (Pa. 2003)).

Appellant claimed that he "became aware of Bilal's undisclosed dealings through his PCRA counsel as he (counsel) failed to utilize such evidence in a meaningful way." Supplemental PCRA petition, 5/26/17, at 3A. Appellant does not offer a date for his acquisition of the information. However, it is clear that he knew the facts at issue twenty years ago, as Appellant's claims regarding Bilal's cooperation in other cases were raised and litigated by Appellant in a 1997 PCRA petition. ***See Commonwealth v. Harris***, 4784 Phil. 1997 (Pa.Super. June 7, 1999) (unpublished memorandum at 2-3).

Hence, the record is clear that Appellant did not file his 2017 petition within sixty days of discovering the facts upon which his claim is based, and Appellant cannot satisfy the subsection (b)(1)(ii) timeliness exception. Therefore, the PCRA court did not err in concluding that Appellant's petition was untimely and that he failed to invoke an applicable exception.

Appellant also contends that the PCRA court erred in not appointing counsel and scheduling a hearing. Appellant's brief at 1. We disagree.

"The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the petitioner is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings." ***Commonwealth v. Holt***, 175 A.3d 1014, 1017-18 (Pa.Super. 2017). As discussed above, Appellant did not plead facts that necessitated a hearing.

Moreover, because this was not Appellant's first petition and no hearing was required, he had no right to the appointment of counsel. ***See*** Pa.R.Crim.P. 904(D) ("On a second or subsequent petition, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, **and an evidentiary hearing is required** . . . the judge shall appoint counsel to represent the defendant.") (emphasis added). Accordingly, the PCRA court did not err in dismissing the petition without a hearing and without appointing counsel.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/18/18