J-S61020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH BARTELLI | : | |
| | : | |
| Appellant | : | No. 1873 EDA 2017 |

Appeal from the PCRA Order May 17, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0707261-1995

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY BOWES, J.:                **FILED NOVEMBER 14, 2018**

Keith Bartelli appeals from the order that dismissed as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

The PCRA court offered the following history of this case.

Appellant was convicted in May of 1996 of committing the crimes of robbery, burglary, and aggravated assault following a non-jury trial before the Honorable Ricardo C. Jackson of the Court of Common Pleas of Philadelphia County and was sentenced to thirty-nine years' probation on September 27, 1996.  Subsequent thereto, on March 24, 1999, [A]ppellant appeared before Judge Jackson for resentencing and he received a term of incarceration of thirty-one to sixty-two years.  Appellant appealed to the Superior Court, which dismissed the appeal for failure to file a brief.  Appellant thereafter filed a PCRA petition asserting that prior counsel was ineffective for failing to file an appellate brief.  On August 16, 2001, said petition was granted and [A]ppellant was given the right to file a notice of appeal *nunc pro tunc*.

Appellant filed said notice and on November 17, 2003, the Superior Court affirmed the judgment of sentence. ***Commonwealth v. Bartelli***, 841 A.2d 570 (Pa.Super. 2003) ([unpublished memorandum]).  Appellant then filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which

[was denied] on March 31, 2004. ***Commonwealth v. Bartelli***, 847 A.2d 1277 (Pa. 2004) (Table).

On September 1, 2004, [A]ppellant filed a PCRA petition and after he was granted the right to proceed *pro se*, Judge Jackson, to whom the matter had been assigned to rule upon [A]ppellant's PCRA petition, issued an order on May 6, 2008, dismissing [A]ppellant's petition. Appellant did not file a notice of appeal from that order.

Appellant filed a second PCRA petition on July 9, 2015, wherein he asserted that [his sentence] was illegal pursuant to ***Alleyne v. United States***, [570 U.S. 99] (2013), because it was composed of mandatory minimum sentences, which the United States Supreme Court ruled to be unconstitutional in ***Alleyne*** when the fact-finder did not determine the facts that triggered the application of the mandatory sentence. On December 1, 2015, th[e PCRA c]ourt, which was administratively assigned to the matter and which sent [A]ppellant a Pa.R.Crim.P. 907 Notice of Intent to Dismiss, issued an order dismissing [A]ppellant['s] PCRA petition without a hearing. Appellant did not file a notice of appeal.

On June 1, 2016, [A]ppellant filed his third PCRA petition wherein he alleged that he was entitled to relief pursuant to the case of ***Montgomery v. Louisiana***[, 136 S. Ct. 718 (2016)]. Th[e PCRA c]ourt sent [A]ppellant a Rule 907 Notice after which, on May 17, 2017, [it] issued an order dismissing his PCRA petition. On June 2, 2017, [A]ppellant filed a timely notice of appeal.

PCRA Court Opinion, 6/14/17, at 1-2 (footnotes omitted).

Appellant presents this Court with the following question: "Did the PCRA court err in failing to properly apply the exception o[ut]lined in 42 Pa.C.S. § 9545(b)(1)(ii)?" Appellant's brief at ix.

We begin with a discussion of the relevant law. "When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record

and whether it is free of legal error." ***Commonwealth v. Jordan***, 182 A.3d 1046, 1049 (Pa.Super. 2018).

The PCRA court dismissed Appellant's petition as untimely. It is well-settled that the timeliness of a post-conviction petition is jurisdictional. ***See***, ***e.g.***, ***Commonwealth v. Lewis***, 63 A.3d 1274, 1280-81 (Pa.Super. 2013) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.")). Therefore, before considering whether Appellant's petition raised valid substantive claims, we must determine whether the petition was timely filed.

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within sixty days of the date on which it became available. 42 Pa.C.S. § 9545(b). Those exceptions include instances where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence," and where "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time

period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(ii), (iii).

In his petition, Appellant alleged that his sentence was illegal under **Alleyne**, and that the **Montgomery** decision mandates that **Alleyne** be considered a new substantive rule of constitutional law that must be applied retroactively. PCRA Petition, 5/22/16,[1] at 9-12. The PCRA court rejected that claim as follows.

> [T]he holding of **Montgomery** does not apply to [A]ppellant. In **Montgomery**, the United States Supreme Court held that the rule announced in **Miller v. Alabama**, 567 U.S. 460 (2012), that a sentence of life imprisonment without parole violates the 8[th] Amendment to the United States Constitution when imposed automatically on a juvenile, applies retroactively to **juveniles sentenced to life imprisonment without parole** who are seeking state collateral relief. Appellant was neither a juvenile nor sentenced to life imprisonment without parole. Moreover, to date, neither the United States Supreme Court nor the Pennsylvania Supreme Court has ruled that the holding of **Montgomery** applies retroactively to non-life sentences or adults. Thus, **Montgomery** did not provide Appellant with an avenue of relief.
>
> [T]o the extent that [A]ppellant's argument relies on the holding of **Alleyne**, in **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016), the Pennsylvania Supreme Court discussed the retroactivity of **Alleyne**, and held that "substantive rules are those that decriminalize conduct or prohibit punishment against a

---

[1] The petition is dated March 22, 2016, but was postmarked and docketed on June 1, 2016. The PCRA court noted the dates, but determined that Appellant's petition was untimely using either filing date. PCRA Court Opinion, 6/14/17, at 2 n.3. While we agree with the PCRA court's assessment, for the sake of argument we will use March 22, 2016, a date within sixty days of the January 25, 2016 **Montgomery** decision, as the filing date under the prisoner mailbox rule. **See**, **e.g.**, **Commonwealth v. Whitehawk**, 146 A.3d 266, 268 n.3 (Pa.Super. 2016) (deeming PCRA petition filed on date it was given to prison authorities for mailing).

class of persons." 142 A.2d at 813 (citing **Montgomery**, 136 S. Ct. at 729-30). The Court in **Washington** agreed with the Commonwealth's argument that "the **Alleyne** rule neither alters the range of conduct or the class of persons punished by the law," and is therefore not a substantive rule of constitutional law that was made retroactive on state collateral review by **Montgomery**. Instead, in **Washington**, the Pennsylvania Supreme Court held specifically that **Alleyne** does not apply retroactively to cases pending on collateral review. The Court then ruled Washington's judgment of sentence was not illegal under **Alleyne**.

The same is true in the instant case. Appellant therefore failed to satisfy the "newly recognized constitutional right" exception enumerated in 42 Pa.C.S.A. § 9545(b)(1)(iii).

PCRA Court Opinion, 6/14/17, at 4-5 (footnote and some citations omitted; emphasis in original). The PCRA court's decision is supported by both the law and the record.

In what appears to be tacit acknowledgment of the futility of his reliance upon **Alleyne** and **Montgomery**, in this Court Appellant abandons his reliance upon the subsection (b)(1)(iii) exception and instead invokes the newly-discovered-facts exception of subsection (b)(1)(ii). Appellant offers much discussion of the law regarding the exception, but little indication of its relevance to his case. **See** Appellant's brief at 17-21. Rather, Appellant merely states "Appellant's judgment became final on March 31, 2004, due to prior counsel Ch[r]istopher Warren's failure to file Appellant's brief with the Sup[e]rior court, thus, causing the dismissal of Appellant's Appeal and prejudicing Appellant. Appellant filed a subsequent PCRA Petition which was deemed untimely." Appellant's brief at 21 (internal quotation marks omitted).

Appellant has not properly invoked the newly-discovered-facts exception. First, "exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa.Super. 2007) (citing, *inter alia*, Pa.R.A.P. Rule 302(a)). Furthermore, the only fact he mentions (the failure of Attorney Warren to file a brief), was known to Appellant back in 2001, when Appellant cited that fact as the basis for restoration of his direct appeal rights.[2] **See** PCRA Petition, 5/7/01, at 3. Hence, the record establishes that Appellant did not file the instant 2016 petition with sixty days of discovering that fact of Attorney Warren's failure to file a brief.

Appellant's petition was untimely and he failed to raise a valid exception. Therefore, neither the PCRA court nor this Court has jurisdiction to entertain the numerous substantive questions Appellant raised in his brief. **See** Appellant's brief at A-D, ix. Accordingly, Appellant is entitled to no relief.

Order affirmed.

---

[2] As noted earlier, Appellant's direct appeal rights were reinstated in 2001 after the filing of a timely PCRA petition, and his judgment of sentence did not become final until 2004, after this Court affirmed his judgment of sentence on direct appeal and our Supreme Court denied his petition for allowance of appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/18