J-S46014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEROME MCINTYRE, | : | |
| | : | |
| Appellant | : | No. 3698 EDA 2016 |

Appeal from the PCRA Order November 4, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009339-2010

BEFORE: BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 17, 2018**

Jerome McIntyre appeals *pro se* from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

We glean the following history of the case from this Court's memorandum disposing of Appellant's direct appeal. Appellant was convicted of indecent assault in 2001, and, as a result, was required to register under Megan's Law for ten years, beginning in February 2003. Appellant was charged on two separate occasions for failing to comply with his registration requirements: one resulting in a guilty plea for 2005 charges, and the instant case, in which Appellant was sentenced to five to ten years imprisonment after convicted by a jury of failing to register. This Court affirmed Appellant's judgment of sentence, and Appellant did not seek review in our Supreme Court. **Commonwealth v. McIntyre**, 82 A.3d 1066 (Pa.Super. 2013) (unpublished memorandum).

Appellant filed a timely *pro se* PCRA petition on April 22, 2014. Therein, he raised several claims of ineffective assistance of counsel, as well as the claim that he was innocent of the original charges that led to his registration requirement. PCRA Petition, 4/22/16, at Appendix B. The PCRA court appointed counsel, who was later removed and substitute counsel appointed. The latter filed a motion to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). On September 23, 2016, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing for the reasons stated in counsel's **Finley** letter. Appellant responded with a motion to proceed *pro se*. On November 4, 2016, the PCRA court entered an order dismissing Appellant's PCRA petition, granting counsel's motion to withdraw, and indicating that Appellant thereafter could represent himself. Appellant filed a timely notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents three questions for this Court's consideration, which we have reordered for ease of disposition and paraphrase as follows:

A. Did the PCRA court err by not entering an order for Appellant to file an Pa.R.A.P. 1925(a) and (b) concise statement of errors complained on appeal?

B. Whether Appellant can raise a new decision in law when the appeal was already sent to the appellate court when **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), was not decided until July 19, 2017?

     C.     Whether Appellant can raise actual innocence since the change in the Megan Law, SORNA, after being convicted for failure to register prior to the decision of ***Muniz*** and ***Commonwealth v. Derhammer***, 173 A.3d 723 (Pa. 2017)?

Appellant's brief at 4.[1]

We begin with our standard of review. "When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." ***Commonwealth v. Jordan***, 182 A.3d 1046, 1049 (Pa.Super. 2018).

Appellant first contends that the PCRA court erred in not ordering him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant's brief at 9-10. However, the record shows that the PCRA court did enter such an order, and that Appellant timely complied by filing his statement. Moreover, a trial court is not required to order an appellant to file such a statement; it **may** do so if it desires clarification of the issues that will be pursued on appeal. ***See*** Pa.R.A.P. 1925(b). Appellant's first issue merits no relief from this Court.

---

[1] On October 26, 2018, Appellant filed in this Court a "Petition for Relief and Extension of Time." Therein, Appellant complains about Appellant's receipt of mail and his ability to file original documents with this Court. Appellant filed his brief and, after the grant of an extension, a reply brief. As such, there are no outstanding filings for Appellant to make with this Court, and thus no need for an extension. Accordingly, Appellant's October 26, 2018 petition is denied as moot.

Appellant next contends that he "filed a praecipe to the lower court to add the new cases to his PCRA to address the Megan['s] Law which [he] was deemed to have violated." Appellant's brief at 8. Specifically, Appellant suggests that our Supreme Court's decisions in *Muniz* and *Derhammer* render his underlying conviction unconstitutional, and that this Court has the ability to consider the claim *sua sponte*. *Id*.

In *Muniz*, our High Court held that the Sexual Offender Registration and Notification Act ("SORNA") was an unconstitutional *ex post facto* law as applied retroactively. *Muniz*, *supra* at 1193. In *Derhammer*, the Court held that the defendant could not be prosecuted for violating the registration requirements of Megan's Law III, the precursor to SORNA, because, at the time of the defendant's trial, Megan's Law III had been voided as unconstitutional. *Derhammer*, *supra* at 729-30.

As this is a timely PCRA petition, we are able to consider Appellant's claims although he did not raise them prior to appeal.[2] However, neither Muniz nor Derhammer mandates the relief Appellant requests. Appellant was convicted of failing to register under Megan's Law III, not under SORNA.

---

[2] *See Commonwealth v. Fernandez*, ___ A.3d ___, 2018 PA Super 245 (Pa.Super. September 5, 2018) (*en banc*) (noting this Court can correct illegal sentences *sua sponte* when we have jurisdiction); *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa.Super. 2017) (holding *Muniz* applies retroactively to cases on collateral review).

Indeed, Appellant's underlying conviction in this case pre-dates the effective date of SORNA.

The ***Derhammer*** case is distinguishable from the instant case. Derhammer was prosecuted for violating his Megan's Law III registration requirements **after** our Supreme Court invalidated Megan's Law III in ***Commonwealth v. Neiman***, 84 A.3d 603, 605 (Pa. 2013). Here, Appellant was convicted for failing to register under Megan's Law III, and his judgment of sentence became final **before** the ***Neiman*** decision. Appellant does not discuss the ***Neiman*** decision, let alone present argument that it applies retroactively to invalidate his conviction.

Accordingly, ***Muniz's*** holding regarding retroactive application of SORNA is not applicable to Appellant's conviction for failure to register under Megan's Law III,[3] and ***Derhammer*** does not entitle Appellant to relief. As such, Appellant's second issue does not warrant reversal of the PCRA court's decision.

With his final issue, Appellant maintains that he is innocent of the underlying indecent assault for which he was convicted in 2001, and that prejudicial comments by the district attorney and trial judge constituted reversible error in that case. Appellant's brief at 9. Appellant's underlying

_____

[3] We note that the registration obligations, if any, that will apply to Appellant upon his release from incarceration will depend upon the statute in place at that time.

conviction was not at the instant docket number, but at docket CP-51-CR-1007011-2000. Rather, this case relates only to his conviction for failing to register. Any collateral attack upon Appellant's 2001 conviction must be litigated at the docket number for that case.[4]

Because Appellant has not convinced us that the PCRA court erred in dismissing his 2014 PCRA petition and that relief is due, we affirm the PCRA court's November 4, 2016 order. **See Commonwealth v. Miner**, 44 A.3d 684, 688 (Pa.Super. 2012) ("It is an appellant's burden to persuade us that the PCRA court erred and that relief is due.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/17/18

---

[4] In fact, it appears from a review of that docket that Appellant also filed a new PCRA petition in that case on October 10, 2017.