J-S62025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GRANT PAIGE | : | |
| | : | |
| Appellant | : | No. 526 EDA 2017 |

Appeal from the PCRA Order Entered January 3, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0530351-1994

BEFORE:  LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED JANUARY 07, 2019**

Grant Paige appeals from the dismissal as untimely of his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. He maintains that "the PCRA [c]ourt should ha[ve] given [him] relief on his PCRA petition in light of **Alleyne** [] being a substantive ruling."[1] Paige's Br. at 16. We affirm.

A jury convicted Paige of third-degree murder; possessing an instrument of crime; two counts of robbery; and conspiracy.[2] The trial court sentenced him to 35 to 70 years' incarceration. Paige filed a post-sentence motion which the trial court denied. He then filed a timely appeal and this

---

[1] **See Alleyne v. United States**, 570 U.S. 99, 103 (2013) (holding "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt").

[2] 18 Pa.C.S.A. §§ 2502(c); 907; 3701(a)(1); and 903(a), respectively.

Court affirmed the judgment of sentence. *See Commonwealth v. Paige*, 695 A.2d 439 (Pa.Super. 1997) (unpublished memorandum). Our Supreme Court denied his petition for allowance of appeal on September 26, 1997. *See Commonwealth v. Paige*, 701 A.2d 576 (Pa. 1997). "On December 1, 1998, [Paige] filed his first *pro se* PCRA petition," which the PCRA court denied and this Court affirmed. PCRA Court Opinion ("PCO"), filed January 3, 2017, at 1 (unpaginated).

On October 17, 2014, Paige filed the instant petition giving rise to this appeal. The PCRA court issued its notice of intent to dismiss the petition without a hearing and Paige responded to the notice. *See* Pa.R.Crim.P. 907. Paige then filed a motion to amend his petition citing *Montgomery v. Louisiana*, which had been recently decided at that time.[3] *See* Mot. to Amend, filed 3/25/16. The PCRA court issued a second Rule 907 notice and ultimately dismissed the petition on January 3, 2017. This timely appeal followed.

On appeal, Paige asks us to review the following issues:

I.     Does the ruling within *Alleyene*[sic] *v. United States*, 133 S.Ct. 2151, 186 L.Ed. 314 (2013), applies to [Paige's] case and is a substantive issue?

I.     Does the ruling within *Montgomery v. Louisiana*, 577 US _____, 136 S.Ct. _____, 193 L.Ed.2D 599, 2016 US LEXIS 862

---

[3] *See Montgomery v. Louisiana*, 136 S.Ct. 718, 736 (2016) (holding *Miller v. Alabama*, 567 U.S. 460 (2012), announced a substantive rule to be applied retroactively on collateral review regarding sentences of life without parole for juveniles being unconstitutional).

(2016), United States Supreme Court ruling falls under 42 Pa.C.S. § 9545(b)(iii)?

Paige's Br. at 4 (answers of PCRA court omitted).

Our standard of review for the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." ***Commonwealth v. Jordan***, 182 A.3d 1046, 1049 (Pa.Super. 2018).

We do not address the merits of Paige's issues because his petition is untimely. **See *Commonwealth v. Smith***, 194 A.3d 126, 132 (Pa.Super. 2018) ("PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition"). A petitioner has one year from the date his or her judgment of sentence is final, to file a first or subsequent PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Commonwealth v. Staton***, 184 A.3d 949, 954 (Pa. 2018) (quoting 42 Pa.C.S.A. § 9545(b)(3)).

After the one-year deadline, the petitioner must plead and prove one of the time-bar exceptions. These exceptions include: (1) the failure to raise the claim previously was due to governmental interference; (2) the facts of the claim were unknown to the petitioner and could not have been ascertained by due diligence; or (3) a newly recognized constitutional right that the United States Supreme Court or Pennsylvania Supreme Court has held to apply

retroactively. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A time-bar exception must be raised within 60 days from the time the claim could first have been raised. *See Commonwealth v. Kretchmar*, 189 A.3d 459, 462 (Pa.Super. 2018) (citing 42 Pa.C.S.A. § 9545(b)(2)).

Here, Paige's judgment of sentence became final on December 25, 1997, when his time to file a petition for writ of *certiorari* to the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* U.S.Sup.Ct. R. 13. Thus, he had one year from that date to file a timely petition. The instant petition filed over a decade after the deadline is patently untimely. Therefore the PCRA court was without jurisdiction to address the petition and it was Paige's burden to plead and prove that at least one of the time-bar exceptions applied. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093-94 (Pa. 2010) (stating PCRA court has no jurisdiction over untimely PCRA petition); *see also Commonwealth v. Woods*, 179 A.3d 37, 42 (Pa.Super. 2017) (holding petitioner bears burden to plead and prove time-bar exception for untimely PCRA petition).

As the PCRA court concluded, Paige fails to meet his burden to plead and prove at least one of the time-bar exceptions. In his PCRA petition Paige claimed the exceptions of governmental interference and a newly recognized constitutional right held to apply retroactively and argued that his sentence was illegal. *See* PCRA Pet., filed 10/17/14, at 1 (unpaginated) (citing *Alleyne*); *see also* 42 Pa.C.S.A. § 9545(b)(1)(i), (iii). However, he went no further than citing the exceptions. His petition below and his appellate brief

fail to prove why the above referenced exceptions apply. The PCRA court concluded that no relief was due to the untimely nature of the petition and his failure to plead and prove at least one of the time-bar exceptions. This conclusion is supported by the certified record before us.

First, the PCRA court stated that "*Alleyne* was decided on June 17, 2013; . . . [Paige] submitted his claim on October 17, 2014 – well beyond the sixty-day limit, thereby rendering his claim untimely." PCO at 7. Second, it acknowledged that *Alleyne* does not apply retroactively to cases under PCRA review, thereby warranting no relief for Paige. *Id.* (citing *Commonwealth v. Riggle*, 119 A.3d 1058, 1067 (Pa.Super. 2015)). Third, the PCRA court concluded that Paige's reliance on *Montgomery* was misguided because Paige was not a juvenile at the time he committed his offenses. *Id.* at 6 n.2 ("[Paige's] date of birth is November 2, 1973. The underlying offense was committed on April 11, 1993, making his age nineteen (19) when he committed his crimes").

The PCRA court's decision to dismiss Paige's PCRA petition is supported by the record and free of any legal error. We therefore affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/7/19