J-S78017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BARRY MALLORY | : | |
| | : | |
| Appellant | : | No. 36 EDA 2018 |

Appeal from the PCRA Order November 21, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0413041-1991

BEFORE:     LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MARCH 22, 2019**

Barry Mallory appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

In March 1992, the trial court[1] convicted Mallory of second-degree murder, robbery, criminal conspiracy, possessing an instrument of crime, and carrying a firearm on public streets, and subsequently sentenced him to life imprisonment. Mallory was 20 years old at the time of his crimes. Mallory's Br. at 10. We affirmed the judgment of sentence in May 1993, and the

_____

* Former Justice specially assigned to the Superior Court.

[1] Judge Carolyn Engel Temin presided over Mallory's bench trial. She is now a First Assistant District Attorney in Philadelphia and has recused herself from participating in this matter.

Pennsylvania Supreme Court denied allowance of appeal on September 24, 1993.

Mallory then filed a series of PCRA petitions, all of which were denied. Mallory filed this instant *pro se* PCRA petition on August 14. 2012. He contended that he that he should receive the benefit of **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016). The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss on October 11, 2017. Mallory did not respond to the Rule 907 notice and the PCRA court dismissed Mallory's petition as untimely. Mallory filed this appeal.

Mallory's Statement of Questions Presented lists four issues, which we repeat verbatim:

A.   Exception to timeliness.

B.   Was there 8th Amendment violation LWOP cruel and unusual punishment.

C.   Due process violation [evidentuary[2] hearing].

D.   Was there equal protection violation [scientific study]

Mallory's Br. at 2.

This Court's standard of review for the denial of a PCRA petition entails only "examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." **Commonwealth v. Jordan**, 182 A.3d 1046, 1049 (Pa.Super. 2018).

---

[2] Thus in original.

A petition seeking relief under the PCRA must be filed within one year of the date the petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Jones*, 54 A.3d 14, 16 (2012). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545. This timeliness requirement is jurisdictional in nature, and a court may not address the merits of any claim raised unless the petitioner filed for relief within the one-year period or the petitioner pleads and proves that at least one of three time-bar exceptions applies. *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016). Further, in order to avail himself of the time-bar exception, Mallory had to file his PCRA petition within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[3]

Mallory's judgment of sentence became final on December 23, 1993, 90 days after the Pennsylvania Supreme Court denied allowance of appeal .As Mallory filed this instant PCRA more than 18 years late, the PCRA court lacked jurisdiction to address Mallory's claims on their merits unless he pleaded and proved one of the following exceptions:

> (i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the

---

[3] Subsection 9545(b)(2) was subsequently amended effective December 24, 2018, to extend the time for filing a petition pursuant to a time-bar exception to one year. The amendment does not apply here.

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Mallory attempted in his PCRA petition to invoke two PCRA time-bar exceptions: the "new facts" exception and the "retroactive constitutional right" exception. Mallory's Br. at 16-17. Neither exception is availing.

To the extent Mallory contends that the publication of **Miller** was a new fact, "the Pennsylvania Supreme Court has held that subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." **Commonwealth v. Whitehawk**, 146 A.3d 266, 271 (Pa. Super 2016) (citing **Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011)).

To the extent he argues that the studies **Miller** cited were new facts, that is really a contention that we should extend the holding of **Miller** to include 20-year-olds, such as Mallory at the time of his conviction. This is the same argument Mallory makes under the "retroactive constitutional right" exception. This argument fails because Mallory is not within the class of persons **Miller** affected. The **Miller** Court carefully restricted its holding to those under the age of 18 at the time of their crimes: "We therefore hold that mandatory life without parole for those **under the age of 18 at the time of**

**their crimes** violates the Eighth Amendment's prohibition on "cruel and unusual punishments." **Miller**, 567 U.S. at 465. Mallory's PCRA petition did not present a claim falling within the ambit of the Supreme Court's decision in **Miller** and therefore does not fall under the "newly recognized constitutional right" exception in Section 9545(b)(1)(iii). **Commonwealth v. Furgess**, 149 A.3d 90, 93-94 (Pa. Super. 2016).

As Mallory is not within the class of persons **Montgomery** imbued with a retroactive constitutional right, he is unable to employ that decision in order to circumvent the PCRA's time-bar. We do not reach the merits of Mallory's argument, as the contention that a newly-recognized constitutional right **should** be extended does not render his PCRA petition timely. **Commonwealth. v. Cintora**, 69 A.3d 759, 764 (Pa. Super. 2013) (holding argument to extend **Miller** did not satisfy new-right exception), *abrogated on other grounds*, **Furgess**, 149 A.3d at 94. The PCRA court was without jurisdiction to address it on its merits and thus rightly dismissed it.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/22/19

- 5 -