J-A07040-18

2018 PA Super 74

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| DAVID VASQUEZ JORDAN | : | |
| Appellant | : | No. 611 MDA 2017 |

Appeal from the PCRA Order March 9, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001618-2010

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

OPINION BY STEVENS, P.J.E.:                    **FILED MARCH 27, 2018**

Appellant David Vasquez Jordan appeals *pro se* from the Order entered in the Court of Common Pleas of Lancaster County on March 9, 2017, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

Following a jury trial on March 18, 2011, Appellant was convicted of one count of second-degree murder as a result of a shooting that occurred during an attempted robbery on October 24, 2004.  Prior to trial and after conducting a **Grazier**[2] hearing and referring Appellant for a mental health evaluation to determine his competency to represent himself at trial, the trial court had permitted Appellant to proceed *pro se* and appointed stand-by counsel.  On

---

[1] 42 Pa.C.S.A. §§ 9541-9546.
[2] **Commonwealth v. Grazier**, 522 Pa. 9, 713 A.2d 81 (1988).

---

\* Former Justice specially assigned to the Superior Court.

March 21, 2011, the trial court sentenced Appellant to a term of life in prison without the possibility of parole.

On March 30, 2011, Appellant filed *pro se* a purported motion pursuant to the PCRA, and the trial court treated the filing as a direct appeal. Counsel was appointed and filed a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on June 9, 2011. The trial court filed its Rule 1925(a) Opinion on July 1, 2011.

On August 29, 2011, Appellant filed with this Court an application to proceed *pro se*, and on September 6, 2011, he filed an application for remand. In response to those motions, this Court remanded the matter to the trial court on October 4, 2011, to enable it to conduct an on-the-record inquiry pursuant to ***Grazier*** and to determine whether Appellant's waiver of counsel was knowing, intelligent and voluntary. Following the ***Grazier*** hearing on October 31, 2011, the trial court permitted Appellant to proceed *pro se*. The trial court denied Appellant's appeal, and Appellant filed a timely appeal with this Court. Finding no merit to any of the issues Appellant had raised, this Court affirmed his judgment of sentence on September 3, 2014.

Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court which denied the same on March 17, 2015. Appellant did not seek review in the Supreme Court of the United States; therefore, his judgment of sentence became final on June 17, 2015, after the expiration of the ninety-day period in which he was allowed to seek review in the United States Supreme Court. ***See*** U.S.Sup.Ct.R. 13(1) (stating "a petition for a writ

of *certiorari* to review a judgment in any case ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"); 42 Pa.C.S.A. § 9543(b)(3) (providing that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review).

Appellant timely filed the instant PCRA petition on March 16, 2016.[3] Counsel was appointed and after a **Grazier** hearing held on June 28, 2016, the PCRA court granted Appellant's request to represent himself and provided him with additional time in which to amend his PCRA petition on or before September 15, 2016. Appellant filed an amended petition on September 12, 2016, which spans sixty-five handwritten pages and essentially raises numerous challenges to the sufficiency of the evidence presented at trial and an allegation that his Sixth Amendment right to counsel had been violated due to a conflict with trial counsel. After providing Appellant with its notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907,

---

[3] Although the petition was filed in the Court of Common Pleas on March 21, 2016, it is dated March 16, 2016; therefore, pursuant to the Prisoner Mailbox Rule, we will deem it timely filed on the latter date. **See Commonwealth v. Chambers**, 35 A.3d 34 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (explaining prisoner mailbox rule provides that *pro se* prisoner's document is deemed filed on date he delivers it to prison authorities for mailing); 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) (PCRA petition generally must be filed within one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to plead and prove one of the enumerated exceptions).

and considering Appellant's response thereto, the PCRA court dismissed the petition on March 9, 2017.

Appellant filed a timely appeal and after seeking an extension of time in which to do so, he filed a concise statement of matters complained of on appeal on April 24, 2017, wherein he raised eleven issues. In his brief, Appellant presents the following Statement of Questions Involved:

> 1.    Whether the PCRA court erred by not finding a legality claim existed as to [Appellant's] conviction and sentence, and by concluding the issue previously litigated, and by not concluding that [Appellant's] conduct did not violate the statute of 18 Pa.C.S. § 2502(b), because there is insufficient evidence where the prosecution failed to prove that [Appellant] "shared criminal intent" of the Co-Defendant, Edward Major, in a robbery-murder to find Mr. Jordan guilty of second-degree murder beyond a reasonable doubt and because the direct appeal did not turn on the merits of the shared criminal intent element including the instant non-waivable claim?
>
> 2.    Whether the PCRA court erred by not finding a legality claim existed as to [Appellant's] conviction and sentence, and by concluding the issue previously litigated, and by no concluding that [Appellant's] conduct did not violate the statute of 18 Pa.C.S. § 2502(b), because there is insufficient evidence where the prosecution failed to prove [Appellant] "intended to promote or facilitate the commission of the attempted robbery during which the Decedent was killed" in finding [Appellant] liable for the conduct of the Co-Defendant, Edward Major, to convict [Appellant] of second-degree murder, and because the direct appeal did not turn on this specific element including the instant non-waivable legality claim?

J-A07040-18

Appellant's Brief at 6.[4]

When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error. ***Commonwealth v. Smallwood***, 155 A.3d 1054, 1059 (Pa.Super. 2017) (citations omitted).

Herein, the PCRA court held the issues Appellant presented in his PCRA petition had been addressed previously and disposed of by this Court on direct appeal. In support of this determination, the PCRA court opined:

> In his concise statement of errors complained of on appeal, [Appellant] reiterates essentially the same arguments raised in his direct appeal, his petition for post conviction collateral relief and his amended petition for post conviction collateral relief. [Appellant] continues to assert that the evidence against him was insufficient in several respects and that his public defender breached his duty of loyalty due to his prior representation of one of the Commonwealth's witnesses, Penny Dotson.
> These issues were previously addressed and disposed of by the Superior Court on [Appellant's] direct appeal. Based on the decision of the Superior Court, this [c]ourt in its Rule 907 notice and Rule 907 dismissal and order concluded that [Appellant's]

_____

[4] In a *per curiam* order entered on January 12, 2018, this Court granted Appellant's application for relief filed on January 2, 2018, directed the Prothonotary to provide Appellant with a copy of the Commonwealth's brief and permitted Appellant to file a reply brief on or before February 2, 2018, Although Appellant did not do so, he did file a supplemental brief on December 12, 2017, wherein he raised the following issue:

> 3. Should the Order dismissing the Amended Petition for post conviction relief be vacated and remanded because the PCRA court erred in refusing to find a violation of the Sixth Amendment right to effective assistance of counsel based on breach of the duty of loyalty, or conflict of interest, on the part of the trial attorney for failing to motion to withdrawal [sic] his representation, due to prior representation of Penny Dotson a Commonwealth witness, and, by concluding the issue previously litigated.

- 5 -

claims had been previously litigated. [Appellant's] claims of actual innocence, that he is the victim of a miscarriage of justice, that he was wrongfully convicted and that he was denied his right to due process under the Fourteenth Amendment are all based on his fundamental assertion that the evidence was insufficient to sustain his conviction, an issue considered and rejected by the Superior Court. The same is true with regard to his Sixth Amendment claim which the Superior Court also concluded lacked merit. Merely changing the wording of his claims or pursuing them under an alternate theory does not create a discrete legal ground which would entitle [Appellant] to relief. **Commonwealth v. Small**, 602 Pa. 425, 458, 980 A.2d 549, 569 (2009).

Trial Court Opinion, filed 7/17/17, at 2-3.

Upon our review of the record, we agree. PCRA relief is not available for alleged errors raised in a PCRA petition that have been previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S.A. § 9544(a)(2). In addition, a PCRA claim is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding." **Id.** § 9544(b); **see also Commonwealth v. Hanible**, 612 Pa. 183, 205, 30 A.3d 426, 438–39 (2011).

As the PCRA court found, on direct appeal, this Court concluded the evidence was sufficient to support the verdict. **Commonwealth v. Johnson**, 655 MDA 2011, unpublished memorandum at 7-13 (Pa.Super filed September 3, 2014). Moreover, to the extent Appellant attempts to assert a claim of ineffective assistance of counsel in his supplemental brief by alleging that

stand-by counsel breached his duty of loyalty and had a conflict of interest, *see* Supplemental Appellant's Brief at 6, we note that this Court considered and dismissed this issue on direct appeal as well. *Johnson*, *supra* at 20-23. Moreover, the Pennsylvania Supreme Court also has held that when an appellant knowingly, voluntarily, and intelligently chooses to exercise his right to self-representation, an appellate court will not consider any ineffective assistance claims that arose from the period of self-representation. *Commonwealth v. Bryant*, 579 Pa. 119, 138, 855 A.2d 726, 736-38 (2004); *see also Commonwealth. v. Fletcher,* 586 Pa. 527, 551 n. 13, 896 A.2d 508, 522 n. 13 (2006) (*Fletcher II*) (explaining that the Court was applying the categorical approach of the *Bryant* majority "in refusing to consider any claims of ineffectiveness arising from a period of self-representation"); *Commonwealth v. Fletcher,* 604 Pa. 493, 517, 524-25, 986 A.2d 759, 774, 78 (2009) (*Fletcher III*) (refusing to revisit the holding of *Fletcher II*, and reiterating that a defendant who chooses to represent himself cannot obtain relief by raising his own ineffectiveness or that of standby counsel). Accordingly, no relief is due.

Order affirmed.

Judge Panella joins the Opinion.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2018