J-S11003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        : PENNSYLVANIA
                                        :
          v.                            :
                                          :
                                          :
JARON BROWN                     :
                                          :
            Appellant         : No. 1294 EDA 2017
                                          :

Appeal from the PCRA Order April 10, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001112-2013,
CP-51-CR-0002978-2013, CP-51-CR-0003683-2013,
CP-51-CR-0014844-2012, CP-51-CR-0014848-2012,
CP-51-CR-0014853-2012

BEFORE: OTT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.: **FILED JULY 24, 2018**

Jaron Brown appeals from the order entered on April 10, 2017, in the Court of Common Pleas of Philadelphia County denying him relief, without a hearing, on his petitions filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*. In this timely appeal,[1] Brown argues that the trial court imposed an illegal mandatory minimum sentence under 42 Pa.C.S. § 9712(a). The PCRA court, which was also the trial court, noted Brown was not sentenced pursuant to Section 9712(a) in this, or in any of the

_____

[1] There are six related appeals that were disposed of at one time by a single order. This appeal addresses the trial court docket number CP-51-CR-0003683-2013, which was the first docket number listed on Brown's notice of appeal. Brown listed the docket numbers in descending order, most recent to oldest, rather than in oldest to most recent, which is the convention used by our Court.

cases. Our review of the certified record confirms the PCRA court's finding. Accordingly, we affirm.

Before we address the substance of this appeal, we first note that a single order disposed of all the cases listed in the caption. Brown filed a single notice of appeal from the order, despite the fact the order disposed of separate matters. This was a common practice. However, our Supreme Court has recently determined that in instances, such as is currently before us, where a single order disposes of multiple cases, the appellant must file a notice of appeal for each case. If the appellant files a single notice of appeal, the appeal is to be quashed. *See Commonwealth v. Walker*, _____ A.3d _____ (Pa., June 1, 2018). The *Walker* decision is to be applied prospectively from the date of the opinion. *Id.* at 13. Because this appeal was filed prior to the *Walker* decision, we may address the substance of the appeal.

The PCRA court succinctly described the relevant history of this matter as follows:

> On December 12, 2013, Defendant Jaron Brown pled guilty to six (6) counts each of Robbery (18 Pa.C.S.A. § 3701(a)(1)(ii)), Conspiracy (18 Pa.C.S.A. § 903), and Possessing Instruments of Crime (18 Pa.C.S.A. § 907(a)). On April 11, 2014, this Court sentenced [Brown] to seven (7) to fourteen (14) years' incarceration for each Robbery charge, seven (7) to fourteen (14) years' incarceration for each Conspiracy charge, to run concurrently to the Robbery sentences, and five (5) years of probation to run consecutive to the Robbery charges. No post-sentence motions or direct appeals were filed.
>
> On March 20, 2015, [Brown] filed a *pro se* petition under the Post Conviction Relief Act (PCRA). On April 7, 2016, [Brown] through counsel, filed an amended petition under the PCRA. On

April 10, 2017, this Court denied [Brown's] petition. On April 13, 2017, [Brown] filed a Notice of Appeal to the Superior Court of Pennsylvania. [Brown] filed a Concise Statement of Matters Complained of on Appeal on May 24, 2017, alleging that this Court erred by failing to find that trial counsel was ineffective for failing to raise the issue of unconstitutionality of the mandatory sentences at sentencing or file a direct appeal regarding the issue.

PCRA Court Opinion, 6/26/2017, at 1-2.

"When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Jordan*, 182 A.3d 1046, 1049 (Pa. Super. 2018) (citations omitted).

Here, Brown asserts he was sentenced pursuant to the unconstitutional mandatory minimum provisions of 42 Pa.C.S. § 9712(a). *See Alleyne v. United States*, 570 U.S. 99 (2013) (any fact that increases the penalty for a crime beyond the prescribed statutory minimum sentence be submitted to a jury), *Commonwealth v. Ferguson*, 107 A.3d 206 (Pa. Super. 2015) (Section 9712(a) is unconstitutional pursuant to *Alleyne*). He further asserts trial counsel was ineffective for failing to challenge the imposition of the mandatory minimum sentence either at sentencing or in a direct appeal.

The requirements for proving ineffective assistance of counsel are as follows:

"[C]ounsel is presumed effective, and [appellant] bears the burden of proving otherwise." *Commonwealth v. Steele*, 599 Pa. 341, 961 A.2d 786, 796 (2008) (citing *Commonwealth v. Hall*, 549 Pa. 269, 701 A.2d 190, 200-01 (1997)). To prevail on an ineffectiveness claim, appellant must establish:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.
>
> ***Commonwealth v. Lesko***, 609 Pa. 128, 15 A.3d 345, 373-74 (2011) (citing Commonwealth v. Peirce, 515 Pa. 153, 527 A.2d 973, 975 (1987)). Failure to prove any prong of this test will defeat an ineffectiveness claim. ***Commonwealth v. Basemore***, 560 Pa. 258, 744 A.2d 717, 738 n. 23 (2000) (citation omitted). "[I]f a claim fails under any necessary element of the *Strickland* test, the court may proceed to that element first." ***Lesko,*** at 374 (citations omitted). When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, "he is not entitled to relief, and we are constrained to find such claims waived for lack of development." ***Steele***, at 797; *see also* ***Commonwealth v. Walter***, 600 Pa. 392, 966 A.2d 560, 566 (2009) (citation omitted). Further, counsel cannot be deemed ineffective for failing to raise a meritless claim. ***Commonwealth v. Washington***, 592 Pa. 698, 927 A.2d 586, 603 (2007) (citations omitted).

***Commonwealth v. Fears***, 86 A.3d 795, 804 (Pa. 2014) (footnotes omitted).

Although it is Brown's responsibility to provide this Court with a certified record sufficient to review the issues raised, the notes of testimony from the sentencing hearing have not been included. However, in five of the six cases before this panel, including this matter, the certified record contains form DC-300B (Part 1). This form, completed by the trial court, confirms Brown was not subjected to a mandatory minimum sentence. The PCRA court aptly noted that because Brown was not subjected to a mandatory minimum sentence, his claim that counsel was ineffective for failing to challenge the imposition of a mandatory minimum sentence is without merit. Because counsel cannot be ineffective for failing to raise a meritless claim, the PCRA court's denial of Brown's petition is supported by the certified record and is free from legal

error. As such, we are required to affirm the PCRA court's order denying Brown relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/18