J-S64029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN SHERMAN FELTON | : | |
| | : | |
| Appellant | : | No. 92 EDA 2018 |

Appeal from the PCRA Order November 16, 2017
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0000857-2013

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.: **FILED NOVEMBER 28, 2018**

Appellant, Steven Sherman Felton, appeals *pro se* from the November 16, 2017 order dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

From September to November 2012, Appellant robbed numerous businesses.  On August 7, 2015, Appellant was convicted of ten counts of robbery[1] and two counts of theft by unlawful taking.[2]  On September 21, 2015, the trial court sentenced Appellant to an aggregate term of 62 to 124 months' imprisonment.  This Court affirmed and our Supreme Court denied allowance of appeal.  ***Commonwealth v. Felton***, 159 A.3d 51, 2016 WL 6137006 (Pa.

_____

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[2] 18 Pa.C.S.A. § 3921(a).

Super. 2016) (unpublished memorandum), *appeal denied*, 166 A.3d 1238 (Pa. 2017).

On June 20, 2017, Appellant filed a *pro se* PCRA petition. Counsel was appointed. After reviewing the record, counsel moved to withdraw and filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court issued notice of its intent to dismiss Appellant's petition without an evidentiary hearing and Appellant filed a response thereto. **See** Pa.R.Crim.P. 907. On November 16, 2017, the PCRA court granted counsel's motion to withdraw and dismissed Appellant's PCRA petition. This timely appeal followed.[3]

Appellant presents two issues for our review:

1. Is the submission of [n]ewly[-d]iscovered [e]vidence a [c]onstitutionally protected right as it pertains to proving actual innocence?

2. Whether or not the [PCRA c]ourt has abused its discretion or deviated from [c]onstitutional safeguards by enforcing repealed and/or abolished statutes?

Appellant's Brief at 7.

"When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." **Commonwealth**

---

[3] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b).

*v. Jordan*, 182 A.3d 1046, 1049 (Pa. Super. 2018) (citation omitted). In his first issue, Appellant argues that he was entitled to PCRA relief because of newly-discovered evidence.

> To establish such a claim, a petitioner must prove that (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

*Commonwealth v. Cox*, 146 A.3d 221, 228 (Pa. 2016) (cleaned up). In this case, Appellant failed to plead the first element required for relief. Specifically, Appellant failed to plead that the newly-discovered evidence was discovered after trial and could not have been obtained at or prior to trial through reasonable diligence. In his PCRA petition Appellant acknowledged that he possessed this "newly-discovered" evidence prior to trial. *See* Appellant's PCRA Petition, 6/20/17 (relying on an accident report from the Bethlehem Police Department that contained a defense identification sticker dated August 3, 2015, *i.e.*, prior to trial). Accordingly, Appellant failed to plead the necessary elements for relief under the PCRA's newly-discovered evidence provision.

In his second issue, Appellant argues that the trial court lacked subject matter jurisdiction over his criminal case because it relied on the Pennsylvania Consolidated Statutes Annotated instead of the Pennsylvania Consolidated Statutes. This argument is without merit. The Pennsylvania Consolidated Statutes provide that, "The publication prepared by the bureau pursuant to

this chapter shall constitute an official publication of the Pennsylvania Consolidated Statutes and shall be legal evidence of the laws contained therein[.]" 1 Pa.C.S. § 503; *see also Commonwealth v. Stultz*, 114 A.3d 865, 880 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1201 (Pa. 2015) (citation omitted) (explaining that the Pennsylvania Consolidated Statutes are positive law).

We have compared the publication prepared by the bureau pursuant to Title I, Part I, Chapter 5 of the Pennsylvania Consolidated Statutes with the Pennsylvania Consolidated Statutes Annotated. The portions of the Pennsylvania Consolidated Statutes Annotated relied on by the trial court and the PCRA court are accurate reproductions of the Pennsylvania Consolidated Statutes. *Compare* 42 Pa.C.S. § 931(a) *with* 42 Pa.C.S.A. § 931(a). Appellant presents no proof that this legal evidence is flawed, *i.e.*, that the Pennsylvania Consolidated Statutes are inconsistent with the Pamphlet Laws. *Cf. City of Philadelphia v. Commonwealth*, 838 A.2d 566, 591 (Pa. 2003) (explaining that the Pamphlet Laws are the official version of statutes).

Under section 931(a), "all courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code." *Commonwealth v. Arcelay*, 190 A.3d 609, 614 (Pa. Super. 2018) (cleaned up). In this case, the Court of Common Pleas of Lehigh County had subject matter jurisdiction over Appellant's criminal case because the crimes occurred in the Commonwealth of Pennsylvania and arose under the Crimes Code.

Appellant also argues that the laws he was convicted of violating were passed without constitutional authority. This argument is frivolous as the Crimes Code was passed in accordance with the provisions of the Pennsylvania Constitution. *Cf.* 1972 P.L. 1482 (bill enacting Crimes Code was passed by the General Assembly and signed by Governor Milton J. Shapp). These statutes have not been suspended or repealed. Accordingly, Appellant is not entitled to relief on his second claim of error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/28/18