J-S64007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LLOYD L. BUTLER | : | |
| | : | |
| Appellant | : | No. 2006 EDA 2017 |

Appeal from the PCRA Order June 13, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at No(s):  CP-51-CR-0009687-2012,
CP-51-CR-0009689-2012

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 27, 2018**

Lloyd L. Butler appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

On  March 12, 2012, Appellant and his co-defendant together retrieved firearms and used them to kill two young men in a drug-territory dispute.  One of the victims was shot thirteen times, including in his head, chest, and abdomen; the other sustained twenty-three gunshot wounds that penetrated his lungs, aorta, and esophagus.   On February 7, 2014, Appellant was convicted of two counts of first-degree murder and sentenced to two terms of life imprisonment without possibility of parole.  On direct appeal, this Court affirmed Appellant's judgment of sentence and our Supreme Court denied his petition for allowance of appeal.  ***Commonwealth v. Butler***, 134 A.3d 488

(Pa.Super. 2015) (unpublished memorandum), *appeal denied*, 135 A.3d 582 (Pa. 2016).

Appellant filed a timely PCRA petition, and counsel was appointed. Counsel filed a motion to withdraw and no-merit letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*), and the PCRA court issued notice of its intent to dismiss the petition without a hearing. Appellant filed a response to both, raising several claims therein not addressed by counsel, including the ineffective assistance of PCRA counsel. Response, 4/1/17, at unnumbered 4-5. The PCRA court directed counsel to file an amended **Finley** letter addressing the additional issues, and counsel complied. By order and opinion of June 13, 2017, the PCRA court denied Appellant's petition and granted counsel leave to withdraw.

Appellant filed timely notices of appeal, both *pro se* and through counsel. The PCRA court did not order Appellant to file a statement of errors complained of on appeal and none was filed. Operating under the assumption that the counselled notice of appeal meant that Appellant was represented, this Court remanded for a determination whether counsel had abandoned Appellant by not filing a brief. The PCRA court determined that counsel inadvertently filed the notice of appeal despite having been allowed to withdraw, and indicated that counsel expressed his intention to continue his representation of Appellant on appeal. After counsel again failed to file a brief, this Court again remanded for a determination of abandonment. The PCRA court removed

prior counsel and appointed present counsel, who filed a brief in this Court raising the following question: "Was PCRA counsel ineffective when he failed to claim that the lack of a charge of third[-]degree murder was an issue of arguable merit and was the PCRA court in error when it dismissed pursuant to the *Finley* letter?" Appellant's brief at 3 (unnecessary capitalization omitted).

The following principles apply to our review of Appellant's issue. "When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." ***Commonwealth v. Jordan***, 182 A.3d 1046, 1049 (Pa.Super. 2018). As Appellant raises a claim of ineffective assistance of counsel, we note that counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. ***Commonwealth v. Becker***, 192 A.3d 106 (Pa.Super. 2018). To do so, the petitioner must plead and prove (1) the legal claim underlying his ineffectiveness claim has arguable merit; (2) counsel's decision to act (or not) lacked a reasonable basis designed to effectuate the petitioner's interests; and (3) prejudice resulted. ***Id***. The failure to establish any prong is fatal to the claim. ***Id***.

Appellant raises a layered ineffectiveness claim, *i.e.*, that PCRA counsel was ineffective in failing to pursue the claim that trial counsel was ineffective in failing to object to the lack of a jury charge on third-degree murder. To establish the arguable-merit prong as to PCRA counsel, Appellant must show

that trial counsel was ineffective. To prove that trial counsel was ineffective, Appellant must demonstrate all three prongs of the test as to trial counsel. In other words, unless Appellant alleges and offers to prove that a third-degree murder charge was warranted, trial counsel had no reasonable basis for failing to object to its absence, and that Appellant was prejudiced by counsel's inaction, he cannot establish the arguable-merit prong of his claim that PCRA counsel was ineffective. *See*, *e.g.*, *Commonwealth v. Busanet*, 54 A.3d 35, 46 (Pa. 2012) (noting claim that subsequent counsel was ineffective fails if the petitioner cannot prove all three prongs of the ineffectiveness test as to trial counsel). In addition to that showing, Appellant must establish that PCRA counsel lacked a reasonable basis for not raising the claim, and that the outcome of the PCRA proceeding would have been different had PCRA counsel raised the claim of trial counsel's ineffectiveness. *See*, *e.g.*, *Commonwealth v. McGill*, 832 A.2d 1014, 1022-23 (Pa. 2003) (explaining that to prevail on a claim that subsequent counsel was ineffective in failing to argue that prior counsel was ineffective, the petitioner must demonstrate that subsequent counsel lacked a reasonable basis for not challenging prior counsel's stewardship and that the outcome of the subsequent proceedings would have been different had counsel raised that claim).

Appellant does not even attempt to meet his burden in this case. On the contrary, he plainly states as follows:

> At this juncture, [counsel] is not arguing that [Appellant] should have received a third[-]degree instruction. Rather, counsel

- 4 -

is arguing that the PCRA attorney should not have filed a **Finley** letter where there was at least one issue of arguable merit, to wit, the third[-]degree instruction, that was of arguable merit and which could have lead [*sic*] to a new trial.

Appellant's brief at 17 (unnecessary capitalization omitted). Without any argument that Appellant was likely to have received the third-degree murder instruction had trial counsel asked for it, Appellant cannot establish that trial counsel was ineffective.[1] Appellant has failed to even attempt to convince us that the PCRA court erred in denying relief on his layered ineffectiveness claim. As such, we have no basis to disturb the PCRA court's determination. **Commonwealth v. Miner**, 44 A.3d 684, 688 (Pa.Super. 2012) ("It is an appellant's burden to persuade us that the PCRA court erred and that relief is due.").

Order affirmed.

Judge Kunselman joins the memorandum.

Judge Olson concurs in the result.

---

[1] Moreover, given the nature of the killing, including the evidence that Appellant was with his co-defendant when the weapons were retrieved, the drug-related motive for the killings, and the sheer number of shots fired by both Appellant and his co-defendant, the purported propriety of a third-degree murder charge is not self-evident.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/27/18