J-S78026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FIDEL SANTIAGO | : | |
| | : | |
| Appellant | : | No. 3617 EDA 2017 |

Appeal from the PCRA Order Entered September 22, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0420121-1990

BEFORE: LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED APRIL 08, 2019**

Fidel Santiago appeals from the order denying his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. As the petition was untimely, we affirm.

Following a non-jury trial in 1990, Santiago was convicted of first-degree murder and related charges, and sentenced to life imprisonment in 1992. We affirmed his judgment of sentence in 1996, and the Supreme Court denied his appeal in 1997. *Commonwealth v. Santiago*, 687 A.2d 860 (Pa.Super. 1996); *Commonwealth v. Santiago*, 700 A.2d 440 (Pa. 1997).

_____

*   Former Justice specially assigned to the Superior Court.

Santiago filed the instant PCRA Petition *pro se* in 2012.[1] The PCRA court appointed counsel, who filed a *__Turner__*/*__Finley__*[2] letter and motion to withdraw. The PCRA court then issued notice of its intent to dismiss the Petition without a hearing, styled as a letter addressed to Santiago. The notice stated that the court was dismissing the Petition "for reasons outlined in the *__Finley__* Letter submitted by [Santiago's] attorney," those being that the Petition was untimely and failed to satisfy any exception to the PCRA time-bar. Pa.R.Crim.P. 907 Notice at 1. Santiago filed a *pro se* response to the notice. The court dismissed the Petition and granted counsel's request to withdraw on September 22, 2017.[3] Santiago filed a timely notice of appeal *pro se*.

_____

[1] The PCRA court issued notice of its intent to dismiss the Petition in 2016, and Santiago filed a notice of appeal from the notice of dismissal. We quashed that appeal as interlocutory, as no final order had been entered disposing of the Petition. *__See Commonwealth v. Santiago__*, No. 2001 EDA 2016 (Pa.Super.) (Order filed August 30, 2016).

[2] *__Commonwealth v. Turner__*, 544 A.2d 927 (Pa. 1988); *__Commonwealth v. Finley__*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] Although there is no copy of an order explicitly granting counsel's withdraw request in the certified record, the docket entry relating to the dismissal order states "PCRA Petition is Formall[y] Dismissed as Untimely[.] Attorney Permitted to withdraw as counsel[.]" Docket Entry No. 43. Moreover, the order dismissing the Petition informed Santiago that he "may proceed on appeal on a *pro se* basis or with retained counsel," thus implying the court had permitted Santiago's appointed counsel to withdraw. We also note that Santiago was apprised, *via* the dismissal notice, that the court had approved the *__Turner/Finley__* letter, and Santiago thereafter filed, *pro se*, a response to the notice, notice of appeal, Pa.R.A.P. 1925(b) statement, and appellate documents in this Court.

- 2 -

Santiago raises the following issue:

Whether failure for the court to [undertake] in the ruling to address that [*Miller v. Alabama*, 567 U.S. 460 (2012)] drew a line at 18 year old violated his rights under the Fourteenth Amendment to the U.S. Constitution and Art. 1 sec. 13 of the Pennsylvania Constitution pursuant to [*Miller*] and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). [sic]

Santiago's Br. at 2.

This Court's standard of review for the denial of a PCRA petition entails only "examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Jordan*, 182 A.3d 1046, 1049 (Pa.Super. 2018).

The timeliness of a PCRA petition is a jurisdictional prerequisite. *Commonwealth v. Lee*, ___ A.3d. ___, 2019 PA Super 64 (filed March 1, 2019) (*en banc*). A petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless one of the three exceptions to the time-bar applies. 42 Pa.C.S.A. § 9545(b)(1). At the time Santiago filed his Petition, the PCRA required that a petition invoking any of the exceptions to the time-bar be filed within 60 days of when the exception became applicable. *Id.* at § 9545(b)(2).[4] One of the exceptions, at issue here, applies where "the right asserted [in the petition] is a constitutional right that

---

[4] This subsection has since been amended, and the amendment made applicable to claims arising on or after December 24, 2017, to allow a petition invoking an exception to be filed within one year of the date the claim could have been presented. *See Lee*, 2019 PA Super 64 at *5 n.8.

- 3 -

was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." *Id.* at § 9545(b)(1)(iii).

Here, Santiago's judgment of sentence became final in 1997, and thus his 2012 Petition is facially untimely. *Id.* at § 9545(b)(3). However, Santiago filed his Petition on August 14, 2012, within 60 days of the June 25, 2012 *Miller* decision. *Miller* held that sentences of life without parole are unconstitutional when mandatorily imposed on juveniles; *Montgomery* has since held that *Miller* applies retroactively to cases on collateral review. Santiago argues that the court erred in dismissing his Petition because it is timely in wake of the *Miller* and *Montgomery* decisions.[5]

However, as Santiago acknowledges, he had attained the age of 18 by the time he committed the crimes for which he was sentenced. *See* Santiago's Reply Br. at 4. The rule announced in *Miller* therefore does not apply to Santiago's sentence. *Lee*, 2019 PA Super 64 at *9 (reaffirming that "age is the sole factor in determining whether *Miller* applies to overcome the PCRA time-bar and we decline to extend its categorical holding").

We thus hold the PCRA court did not err in concluding that Santiago's Petition was untimely, and dismissing it on that basis.

Order affirmed.

---

[5] As it predated the *Montgomery* decision, the Petition referenced only *Miller*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/8/19