J-S74033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JARED BARKLEY | : | |
| | : | |
| Appellant | : | No. 1123 EDA 2018 |

Appeal from the PCRA Order March 20, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0908151-2003,
CP-51-CR-0908161-2003

BEFORE:  LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED APRIL 22, 2019**

Jared Barkley appeals from the order dismissing as untimely his petition for relief filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. He claims his petition was timely under the new constitutional right exception to the PCRA's time-bar. He argues that he was unconstitutionally sentenced to a mandatory minimum sentence in violation of *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and that *Alleyne* was rendered retroactive by *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). We disagree. He has not made a colorable argument that his sentence was improper under either decision. We therefore affirm.

On October 20, 2004, Barkley entered a negotiated guilty plea to two counts of third-degree murder and the court sentenced him pursuant to the plea agreement to a total of 30 to 60 years in prison. The sentence was not

the product of a mandatory minimum sentence. Barkley did not file a direct appeal.

Approximately 11½ years after his sentencing, on March 22, 2016, Barkley filed the instant PCRA petition. The court appointed PCRA counsel who filed a **Turner**/**Finley**[1] letter opining that Barkley's claims were meritless. The PCRA court dismissed Barkley's PCRA petition as untimely and Barkley timely appealed.

Barkley raises three issues:

> [1)] Did the PCRA court commit an abuse of discretion by denying appellant[']s PCRA petition?
>
> [2)] Was the PCRA court[']s determination and judgement [sic] unreasonable?
>
> [3)]Whether or not the PCRA court's determination was contrary to other decisions?"

Barkley's Br. at 3 (suggested answers omitted). We review the denial of a PCRA petition to determine "whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." **Commonwealth v. Jordan**, 182 A.3d 1046, 1049 (Pa.Super. 2018).

We do not reach the merits of Barkley's issues because Barkley failed to plead and prove that his PCRA petition was timely. A PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final "at the conclusion of direct review,

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

If a petition is filed more than one year after the judgment of sentence became final, the court will still have jurisdiction if the petitioner pleads and proves that at least one of three exceptions applies. The exceptions are: (1) unconstitutional interference by government officials; (2) newly discovered facts that the petitioner could not have previously ascertained with due diligence; or (3) a newly recognized constitutional right that either the United States Supreme Court or the Supreme Court of Pennsylvania has held applies retroactively. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). At the time Barkley filed the instant PCRA petition, a petitioner asserting a time-bar exception was required to file the petition "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). After Barkley filed the instant PCRA petition, the General Assembly amended the PCRA to extend the 60-day period to one year. However, the change has no effect here because it applies only to PCRA claims arising approximately a year and nine months after Barkley filed his petition, *i.e.*, on or after December 24, 2017. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

Barkley filed this instant PCRA petition nearly 12 years after his sentence became final, and the PCRA court lacked jurisdiction unless Barkley pleaded and proved one of the exceptions. Although his PCRA petition claimed the new

constitutional right exception applied, he is incorrect that the rights he cites – rights set forth in *Alleyne* and *Montgomery* – apply to him. *Montgomery* rendered retroactive the decision *Miller v. Alabama,* 132 S.Ct. 2455 (2012), which "held that mandatory life without parole for juvenile homicide offenders violates the Eighth Amendment[.]" *Montgomery*, 136 S.Ct. at 726. "*Alleyne* held that any fact that, by law, increases the penalty for a crime must be treated as an element of the offense, submitted to a jury, rather than a judge, and found beyond a reasonable doubt." *Commonwealth v. Washington*, 142 A.3d 810, 812 (Pa. 2016).

Neither case applies here because Barkley received the sentence to which he agreed in his negotiated guilty plea; the court did not impose a mandatory minimum sentence of any sort, let alone mandatory life imprisonment. Furthermore, *Alleyne* does not satisfy the new constitutional right exception because the Pennsylvania Supreme Court has held it **not** to be retroactive, and the United States Supreme Court has not held otherwise. *See id.*, 142 A.3d at 820. The PCRA court properly dismissed Barkley's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/22/19