J-S06020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       :         PENNSYLVANIA
                                        :
            v.                       :
                                        :
                                        :
REGINALD LEWIS                 :
                                        :
            Appellant            :     No. 960 EDA 2023

Appeal from the PCRA Order Entered March 14, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1113611-1983

BEFORE: DUBOW, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:            **FILED JUNE 4, 2024**

Reginald Lewis appeals from the order dismissing as untimely his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. He argues he satisfied the newly-discovered fact exception to the PCRA's time bar. We affirm.

In 1993, a jury found Lewis guilty of third-degree murder and possessing an instrument of crime ("PIC").[1] 18 Pa.C.S.A. §§ 2502(c) and 907(a). The trial court sentenced Lewis to life imprisonment for the third-degree murder conviction and a consecutive term of one to two years'

---

[1] Lewis had been convicted of first-degree murder and PIC in 1986. He appealed and the Pennsylvania Supreme Court concluded the trial court erred when it did not include a "no-adverse-inference" charge in its jury instructions. **Commonwealth v. Lewis**, 598 A.2d 975, 978-80 (Pa. 1991). The court vacated and remanded for a new trial.

imprisonment for the PIC conviction.[2] This Court affirmed the judgment of sentence in May 1995, and the Pennsylvania Supreme Court denied allowance of appeal in September 1995. In 1997, Lewis filed a PCRA petition, which was dismissed as meritless.

In 2012, Lewis filed the instant PCRA petition. He alleged, among other claims, that trial counsel was ineffective for not investigating and calling several eyewitnesses. He filed a supplemental petition in April 2013, and attached five affidavits. In two of the affidavits, which were dated July 2007, the affiants stated that Lewis had acted in self-defense. Affidavit of Alfred Massey, dated July 5, 2007; Affidavit of James Dietrick, dated July 2007. In the other three affidavits, dated March 2013, the affiants named another prisoner as the person who stabbed the victim. Affidavit of Franklin Lee, dated Mar. 25, 2013, at ¶ 7; Affidavit of Kevin Isaac, dated Mar. 25, 2013, at ¶ 6; Affidavit of Norman Parker, dated Mar. 25, 2013, at ¶ 6. Two affiants stated they were listed as defense witnesses and present at the trial, but Lewis's counsel did not interview either of them. Affidavit of Isaac at ¶ 12; Affidavit of Parker at ¶ 9; *see also* PCRA petition at Exh. I, Letter from Trial Counsel to Trial Court dated Nov. 2, 1993 (listing defense witnesses).

Lewis also included an affidavit from his trial counsel, dated July 2007, stating that counsel received a handful of statements from his investigator in

_____

[2] The certified record contains sentencing documents from 2012, where the court removed the death penalty and sentenced Lewis to life imprisonment without parole. Although the sentencing documents contained the docket number for this case, they related to a conviction at a separate docket.

the matter. Trial counsel also stated that, pursuant to a discovery request, he received interview packets during a break in the trial, but the interviews indicated the individuals had not seen the altercation. Affidavit of Joseph P. Capone at ¶ 5. He further stated that he had interviewed prisoner-witnesses whom he had been aware of through either discovery or Lewis, but advised Lewis not to call them. *Id.* at ¶ 6.

In November 2014, Lewis filed another supplement to the PCRA petition that included another affidavit. The affiant alleged another individual had stabbed the victim and that the affiant had been listed as a defense witness for the trial but the attorney did not interview him. Affidavit of Cornell Green, dated Oct. 16, 2014, at ¶¶ 5, 9.

The court issued notice of its intent to dismiss the petition without a hearing and, in April 2023, it dismissed the petition as untimely. Lewis filed a timely appeal.

Lewis raises the following issue:

> A. The PCRA Court Erred And Abused Its Discretion When It Dismissed This Unrepresented *Pro Se* Petitioner's Second PCRA Petition As Untimely And For Failing To Plead And Prove An Exception To The PCRA's Time-Bar Under 42 PA. C.S.A. §§ 9545 ( b)(1)(i-iii), After Blatantly Ignoring And Disregarding The Sworn Affidavits Of Kevin Isaac, Norman Parker, Franklin Lee, And Cornell Green, Eyewitnesses Whose Testimony Could Have Exonerated This Petitioner, As The Newly-Discovered Facts In The Affidavits Were Submitted Well Before The Prior Statutory Sixty Day Deadline In Effect At The Time And Well Before The Act Of 2018-146, Or The Amendment to 42 Pa. C.S. §§ 9545(b)(2).

Lewis's Br. at 1.[3]

Lewis claims the PCRA court "distorts, misrepresents and mischaracterizes the significance of the after-discovered facts by merely targeting and pointing out to the Court only two of the affiants by names to the seemingly purposeful exclusion of several other eyewitnesses to the offense in question." Lewis's Br. at 2-3 (emphasis omitted). He states the court relied on the two affidavits dated in 2007. He states that the 2007 affidavits were the only ones included in a prior petition for writ of *habeas corpus* filed in the federal court. He claims he did not attach these as supporting the newly-discovered fact exception to the PCRA time bar. He maintains the other affidavits naming another individual as the murderer were filed within 60 days of his learning of the evidence.

Our standard of review for the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." **Commonwealth v. Jordan**, 182 A.3d 1046, 1049 (Pa.Super. 2018).

A petitioner has one year from the date his judgment of sentence becomes final, to file a first or subsequent PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking

---

[3] Lewis did not include a statement of issues presented, but listed this issue as the heading of his argument section of the brief.

the review." 42 Pa.C.S.A. § 9545(b)(3); **Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. 2018).

After the one-year deadline, the petitioner must plead and prove one of the time-bar exceptions. These exceptions include: (1) the failure to raise the claim previously was due to governmental interference; (2) the facts of the claim were unknown to the petitioner and could not have been ascertained by due diligence; or (3) a newly recognized constitutional right that the United States Supreme Court or Pennsylvania Supreme Court has held to apply retroactively. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). For claims arising before December 24, 2017, a petitioner must raise a time-bar exception within 60 days from the time the claim could first have been raised. **See Commonwealth v. Kretchmar**, 189 A.3d 459, 462 (Pa.Super. 2018) (citing 42 Pa.C.S.A. § 9545(b)(2)). In 2018, the general assembly amended the statute to provide that a person had to file the petition within one year of learning of the basis of the time bar exception for claims arising on or after December 24, 2017. 42 Pa.C.S.A. § 9545(b)(2); Act of Oct. 24, 2018, P.L. 894, No. 146, sec. 3.

Here, Lewis's judgment of sentence became final in 1995, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. U.S. S. Ct. Rule 13(1). Therefore, his PCRA petition, filed in 2012, is untimely. Lewis alleges that he satisfied the newly-discovered fact exception to the PCRA time bar.

To qualify for the newly-discovered fact exception to the PCRA's time bar, a petitioner must establish that "the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence." ***Commonwealth v. Burton***, 158 A.3d 618, 629 (Pa. 2017).

Lewis failed to plead and prove the newly-discovered fact time bar exception, as he failed to prove he acted diligently. Lewis relies on the 2013 affidavits asserting another individual stabbed the victim to support the time bar exception. However, three of the affiants in the 2013 and 2014 affidavits state that the affiants were present at Lewis's trial. Lewis claims trial counsel was ineffective in failing to interview or call the witnesses. However, he fails to explain why he did not learn until 2013 or 2014 what their testimony would have been. He thus fails to establish the facts could not have been ascertained by the exercise of due diligence. Further, to the extent he relies on the affidavits dated in 2007, which purported to support a claim of self-defense, he did not file the PCRA petition within one year – let alone 60 days – of their discovery.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/4/2024