J-S40018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :          PENNSYLVANIA
  :
         v.   :
  :
  :
  :
MILTON R. MERCER   :
  :
        Appellant   :   No. 2436 EDA 2023

Appeal from the Order Entered August 24, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001023-2021

BEFORE: STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY McLAUGHLIN, J.:         **FILED JANUARY 30, 2025**

Milton R. Mercer appeals from the order denying his Post Conviction

Relief Act ("PCRA") petition. 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court aptly summarized the procedural history of this case.

> On or about March 31, 2021, [Mercer] was charged with
> criminal conspiracy, robbery-threat of immediate serious
> injury, possessing an instrument of crime with intent to
> employ it criminally, possession of a weapon, simple
> assault, possession of firearms prohibited, firearms not to
> be carried without a license, possession of a firearm with
> manufacturer number altered, theft by unlawful taking-
> moveable property, receiving stolen property, resisting
> arrest and disorderly conduct.
>
>                  ***
>
> On August 3, 2021, [Mercer] entered a non-negotiated
> guilty plea and counsel moved for immediate sentencing. As
> to count 1: robbery, [Mercer] was sentenced to 10-to-20
> years in a state correctional facility. On count 2: criminal
> conspiracy to robbery, [Mercer] was sentenced to 5 years of
> probation, consecutive to count 1. On count 4: person not

to possess a firearm, [Mercer] was sentenced to 5 years of probation, concurrent to count 2. On count 5: possession of a firearm with an obliterated serial number, [Mercer] was sentenced to 5 years of probation, concurrent to counts 2 and 4.

[Mercer] filed a *pro se* PCRA petition on January 17, 2023. On February 1, 2023, PCRA counsel was appointed. On June 28, 2023, counsel filed a "No Merit" letter pursuant to ***[Commonwealth] v. Finley***, 481 U.S. 551, 107 S.Ct 1990, 95 L.Ed.2d 539 (1987), as well as an application to withdraw his appearance.

On August 24, 2023, PCRA counsel was permitted to withdraw his appearance and [Mercer's] petitions for Post-Conviction Relief and Objection to Counsel's Application to Withdraw were dismissed.

Rule 1925(a) Opinion, filed 12/20/23, at 1-3 (footnotes omitted). This timely appeal followed.

Mercer raises the following issue:

1. Whether the PCRA court erred in denying [] [Mercer's] *pro se* petition for post-conviction relief where [] [Mercer's] trial counsel failed to object to the calculation of [] [Mercer's] prior record score in an open plea, thereby making [] [Mercer's] open plea unknowing and involuntary since [] [Mercer] was misinformed regarding permissible sentencing ranges under the Pennsylvania sentencing guidelines while being correctly informed by trial counsel of the imposition of the mandatory minimum pursuant to 42 PA.C.S. § 9714(a)(1)?

Mercer's Br. at 4 (suggested answer omitted).

Our standard of review for the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." ***Commonwealth v. Jordan***, 182 A.3d 1046, 1049 (Pa.Super. 2018).

We do not reach the merits of Mercer's claim that plea counsel was ineffective because his PCRA petition was untimely. *Commonwealth v. Abu–Jamal*, 941 A.2d 1263, 1267–68 (Pa. 2008) ("[t]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed"). A petitioner has one year after the judgment of sentence becomes final to file a PCRA petition. 42 Pa.C.S.A. § 9545(b)(1). Beyond that year, the petitioner must plead and prove at least one of the statutory exceptions to the one-year rule. These exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner claiming one of these exceptions must raise it "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Mercer's judgment of sentence became final on September 2, 2021, when his time to appeal to this Court expired. *See* Pa.R.A.P. 903(a). Thus, he had until September 2, 2022, to file a PCRA petition, unless an

exception applied. He filed the instant petition in January 2023, and Mercer therefore bore the burden of pleading and proving one of the time-bar exceptions. Mercer claimed all three exceptions in his *pro se* PCRA petition, based on his assertion that he did not have access to the prison law library due to the COVID-19 pandemic. **See** *Pro Se* PCRA Petition, filed 1/17/24, at 3.

Mercer does not meet any of the time-bar exceptions. Being restricted from the prison law library does not amount to governmental interference, is not a newly discovered fact on which his PCRA claim is based, and is not a newly recognized constitutional right. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1095 (Pa. 2010) (concluding limited access to prepare PCRA petition due to inmate's restricted access does not satisfy governmental interference exception). The PCRA court properly dismissed the petition. **See Commonwealth v. Howard**, 285 A.3d 652, 657 (Pa.Super. 2022) (appellate court "may affirm a PCRA court's order on any legal basis") (citation omitted).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/30/2025