J-S12020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JIMMY SANTOS | : | |
| | : | |
| Appellant | : | No. 2563 EDA 2024 |

Appeal from the PCRA Order Entered August 15, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0015316-2013

BEFORE:  STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JUNE 26, 2025**

Jimmy Santos appeals *pro se* from the order dismissing his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. We conclude that Santos' petition was untimely and he failed to assert any time-bar exception in the PCRA court. We therefore affirm the order dismissing Santos' PCRA petition.

The underlying facts of the case were previously outlined as follows:

> Abba Abukanan was a drug addict. A couple of days prior to October 25, 2012, Abukanan went to the area of 5th and Cornwall Streets in Philadelphia to purchase illegal drugs [from Santos and William Colon] using fake money[.] [Santos and Colon] did not appreciate that Abukanan was attempting to pawn off fake money to them and an altercation ensued. [Santos] and Colon chased Abukanan off the block and told him not to come back. Abukanan, being a drug addict[,] returned on October 25, 2012, money in hand to buy more illicit drugs[. W]hen he was recognized, [Santos and Colon] were alerted to his presence. [Santos] shot Abukanan in the left wrist and leg. Colon then shot

Abukanan in the back of the head, executing him. When police arrived on the scene, Abukanan was found dead, with three gunshot wounds and the money still gripped in his hand.

*Commonwealth v. Santos*, No. 2503 EDA 2015, 2016 WL 5193245, *1 (Pa.Super. filed Sept. 19, 2016) (unpublished mem.) (citation omitted).

A jury found Santos guilty of third-degree murder, violations of the Uniform Firearms Act, and possessing an instrument of crime. He was sentenced to an aggregate term of 30 to 60 years' incarceration. This Court affirmed Santos' judgment of sentence on September 19, 2016, and the Pennsylvania Supreme Court denied Santos' petition for allowance of appeal on January 10, 2017.

In June 2017, Santos filed his first PCRA petition, which was dismissed by the PCRA court. This Court affirmed the order dismissing the petition. *See Commonwealth v. Santos*, No. 1037 EDA 2020, 2021 WL 2287481, *1 (Pa.Super. filed June 1, 2021) (unpublished mem.).

On November 16, 2023, Santos filed the instant PCRA petition. The PCRA court issued a Rule 907 notice of intent to dismiss Santos' petition. *See* Pa.R.Crim.P. 907(1). On August 15, 2024, the court dismissed the petition. This appeal followed.

Santos raises the following issues:

1. Whether [Santos] is actually innocent of third degree murder and/or conspiracy to commit murder?

2. Whether the trial court imposed an illegal sentence, where it imposed consecutive sentences for possession of a firearm 18 Pa.C.S.A. 6105(a)(a), firearm not to be

carried w/o license 18 Pa.C.S.A. 6106(a)(1), carry firearm public in Phila 18 Pa. 6108, possession of instrument of crime w/int 18 Pa.C.S.A. 907(a) and third degree murder, where the offenses arose out of the same criminal act, relating to [Santos' co-defendant William Colon], and are pleadings, which can serve the basis for separate punishments for a [single] offense?

3. Whether the trial court imposed an illegal sentence, where it imposed a term of twenty (20) to forty (40) years for the charge of [third degree murder], and to where [Santos] was [acquitted] of first degree murder and [criminal conspiracy to commit murder], and to which exceeds the statutory maximum terms of imprisonment for aggravated assault 18 Pa.C.S.A. 2702 of which (was not) included within the bill of particulars and/or indictment informations?

4. Whether the trial court exercised structural error via fashioning of [] twenty (20) to forty (40) years for the charge of third degree murder thus after being [acquitted] of first degree murder and [] criminal conspiracy to commit murder, of which affected the framework on how a trial proceeds, rather than simply an error in the trial process itself?

5. Whether the trial court abused its discretion in sentencing [Santos] to an aggregate term of imprisonment of thirty (30) to sixty (60) years, as said sentence was unlawful and unduly excessive[?]

Santos' Br. at 11-12 (ellipses and unnecessary capitalization omitted).

Our standard of review for the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Jordan*, 182 A.3d 1046, 1049 (Pa.Super. 2018).

We do not reach the merits of Santos' claims because his PCRA petition was untimely. Any petition for PCRA relief, including a second or subsequent

petition, must be filed within one year of the date on which the judgment of sentence becomes final, unless the petitioner pleads and proves an exception to the one-year bar. 42 Pa.C.S.A. § 9545(b)(1). For purposes of the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* at § 9545(b)(3).

Courts may consider a PCRA petition filed after the one-year deadline only if the petitioner pleads and proves at least one statutory exception:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii). Any petition attempting to invoke an exception "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2).

Here, on direct appeal, our Supreme Court denied Santos' petition for allowance of appeal on January 10, 2017. Santos' judgment of sentence

became final on April 10, 2017, when the 90-day period to petition for the United States Supreme Court to accept the case expired. **See** U.S.Sup.Ct. Rule 13(1) (providing 90 days to file petition for writ of *certiorari* with United States Supreme Court). The instant petition, which Santos filed in November 2023, was facially untimely. Thus, the PCRA court lacked jurisdiction unless Santos pleaded and proved at least one of the time-bar exceptions. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Santos did not attempt to raise any time-bar exception before the PCRA court. Since the instant petition was filed more than one year after his judgment of sentence became final, and Santos failed to plead and prove any exception to the PCRA's one-year deadline, the PCRA court lacked jurisdiction to entertain the merits of the petition. Accordingly, the PCRA court did not err in dismissing the petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/26/2025