J-S78018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALOAF SUTTON | : | |
| | : | |
| Appellant | : | No. 747 EDA 2018 |

Appeal from the PCRA Order Entered February 16, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004873-2010

BEFORE: LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED APRIL 08, 2019**

Aloaf Sutton appeals from the dismissal of his timely Post Conviction Relief Act (PCRA) petition for lack of merit.[1] *See* 42 Pa.C.S.A. §§ 9541-9546. He claims guilty plea counsel was ineffective. We affirm.

Police charged Sutton in 2010 with rape by forcible compulsion, terroristic threats, and other offenses. After his trial had begun and several witnesses had testified, Sutton entered a negotiated guilty plea to rape and terroristic threats and received the agreed-upon sentence of 12 ½ to 25 years in state prison. As part of the plea deal, the Commonwealth agreed not to pursue the otherwise applicable third-strike mandatory minimum sentence of 25 years.

---

\* Former Justice specially assigned to the Superior Court.

[1] Sutton spelled his first name both "Aloaf" and "Olaf" in documents in the certified record. We use "Aloaf" here because that is what he used in his Notice of Appeal and Appellate Brief.

He subsequently filed a PCRA petition and the court appointed counsel. Sutton then filed a *pro se* amended PCRA petition, claiming counsel was ineffective for not challenging his guilty plea colloquy as defective and not filing a motion to suppress an out-of-court identification. He claimed that counsel's ineffectiveness rendered his guilty plea not knowing, intelligent, or voluntary.

Counsel then filed a letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*), and a motion to withdraw as counsel. Counsel stated in the **Turner/Finley** letter that he had reviewed the record and found that Sutton had completed a written guilty plea colloquy form supplemented by an oral colloquy in which the trial court covered all required areas. He also stated he had found no basis for a motion to suppress and that Sutton's sentence was not illegal. Finding no meritorious issues to pursue, counsel asked the court to dismiss the PCRA petition and allow him to withdraw as counsel. Counsel stated he was serving a copy on Sutton, and informed Sutton that if the court allowed counsel to withdraw, Sutton could proceed *pro se* or with privately retained counsel.

After reviewing counsel's **Turner/Finley** letter, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition, and Sutton filed a *pro se* response flatly asserting that his claims had merit, but making no developed argument why that was so. He also asserted that PCRA counsel had not "reviewed his PCRA but said that he did," and offering as evidence that if

- 2 -

counsel had done so, "he would have discovered that defendant did have merit." Response to Pa.R.Crim.P. 907 Notice, at 2. Sutton also claimed that the **Turner/Finley** letter did not contain the required elements, and attacked directly his initial arrest as occurring in the absence of reasonable suspicion or probable cause. The PCRA court dismissed Sutton's PCRA petition and this timely appeal followed.

Sutton's appellate brief asserts one issue:

> Whether the PCRA Court erred by dismissing Mr. Sutton's Petition for Post Conviction Relief due to Counsel's [**Turner/Finley**] letter in lieu of considering the merits of the issues raised therein, namely Mr. Sutton's challenge to the colloquy as defective, and for failing to file a Motion to Suppress the out of Court Identification?

Sutton's Br. at iii. He included this same issue in his Statement of Matters Complained of on Appeal. **See** Pa.R.A.P. 1925(b) Statement, ¶ 1. However, Sutton argues additional issues in his appellate brief such as:

- The PCRA court erroneously dismissed without a hearing;

- The PCRA court failed to comply fully with Rule 907;

- PCRA counsel failed to investigate, raise, and address all of the issues presented in Sutton's *pro se* PCRA petition;

- The PCRA court erroneously failed to issue an opinion concurrently with its dismissal order;

- PCRA counsel failed to file in court a formal motion to withdraw; and

- The **Turner/Finley** letter falsely implied that Sutton could not proceed *pro se* unless and until the court allowed counsel to withdraw.

*See generally* Sutton's Br. at 1-14. Sutton has waived these issues by not including them in either his Rule 1925(b) statement or his statement of questions presented. *See Commonwealth v. McClellan*, 178 A.3d 874, 880 (Pa.Super. 2018) (concluding claim not raised in either 1925(b) statement or statement of questions presented is waived). We will therefore not address them.

Turning to his two preserved ineffectiveness claims, we conclude the PCRA court properly dismissed the petition. We review the denial of a PCRA petition to determine whether the record supports the court's ruling and whether the ruling is free of legal error. *Commonwealth v. Jordan*, 182 A.3d 1046, 1049 (Pa.Super. 2018).

A PCRA petitioner bears the burden of pleading and proving counsel's ineffectiveness. *Commonwealth v. Brown*, 161 A.3d 960, 965 (Pa.Super. 2017). To sustain such a claim, the petitioner must demonstrate that: (1) the underlying claim has arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) counsel's ineffectiveness caused him prejudice. *Commonwealth v. Williams*, 899 A.2d 1060, 1063 (Pa. 2006). If the petitioner fails to plead or prove any of the three prongs, the entire ineffectiveness claim fails. *Id*.

Sutton argues that counsel was ineffective for failing to object to the plea colloquy because the colloquy failed to advise him correctly of the

elements of rape by forcible compulsion and terroristic threats, and the factual basis did not satisfy the element of forcible compulsion. Sutton further claims that he was inadequately advised of the presumption of innocence, the range of potential sentences, and that the judge was not bound by the plea agreement unless the judge accepted the plea. He also contends that counsel was ineffective for failing to move to suppress the victim's out-of-court identification of him.

Sutton presented these ineffectiveness claims for the first time in his amended petition. The Commonwealth correctly points out that the PCRA court should not have entertained the amended petition because when Sutton filed it, he had legal counsel. **See Commonwealth v. Jette**, 23 A.3d 1032, 1044 (Pa. 2011). The claims were therefore not properly before the PCRA court.

In any event, the underlying issues – an objection to the plea colloquy and a motion to suppress – lacked arguable merit. The written and oral plea colloquies adequately addressed all required issues:

> Defendant was asked all of the above questions mandated in Pa. R. Crim. P. 590 and answered in the affirmative. (N.T. 6/5/2012, p. 3-11). Specifically, Defendant was given an extensive oral colloquy, in addition to his written colloquy, at which time this Court asked Defendant, "Did your lawyer explain to you the two charges to which you're pleading guilty and the maximum possible sentences of up to 25 years in jail and a fine of up to $110,000. Do you understand that?" To which the Defendant replied, "Yes." (N.T. 6/5/2012, p. 4.) This Court further asked, "Did your lawyer explain to you the definition of rape and the definition of terroristic threats and what the DA will be required to prove in order for you to be found guilty at trial?" To which the Defendant again replied,

J-S78018-18

> "Yes." (N.T. 6/5/2012, p. 5). Defendant continued to state that he was pleading guilty of his own free will and was not under the influence of any drugs or alcohol. *Id.* at 3, 6. When asked, Defendant stated on the record that he was indeed pleading guilty because he was in fact guilty. *Id.* at 9. Nothing in the record indicates that Defendant was ever unaware of the charges against him or the implications of his guilty plea. Rather, his affirmative answers indicate that he was properly informed of the charges against him and the implications of his guilty plea. Because Defendant's colloquy was not defective, his argument lacks underlying merit. Thus, it would have been frivolous for counsel to raise a challenge to the colloquy.

PCRA Court Opinion ("PCO"), 5/23/2018, at 7 (footnote omitted). In addition, both the written and oral colloquies set forth an adequate factual basis. *See* N.T., 6/5/12, at 8-9; Written Plea Colloquy at 3.

Additionally, a motion to suppress the out-of-court identification would have failed because Sutton admitted all along that he had had sex with the victim but claimed that the victim had participated voluntarily:

> Defendant's claim that counsel was ineffective for failing to file a motion to suppress the out of court identification is also without merit. Defendant always admitted that he had sexual intercourse with complainant, therefore the case focused on whether or not the intercourse was consensual. As a result, the out of court identification had no impact on the outcome of the case and was irrelevant insofar as its use in proving guilt. The out of court identification's introduction at trial had no effect on the case and therefore its admission does not create a viable ineffectiveness claim. As a result, Defendant was not forced to take a plea agreement because of counsel's performance at trial. Defendant's claim is wholly without merit.

PCO at 8.

The record supports the PCRA court's findings and it did not err in dismissing Sutton's PCRA petition. We therefore affirm.

- 6 -

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/8/19