J-A09044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
PAUL RUSSELL :
:
Appellant : No. 2978 EDA 2018

Appeal from the Order Entered September 18, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0611781-1991

BEFORE: KUNSELMAN, J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.: **FILED MAY 17, 2019**

Paul Russell (Russell) appeals *pro se* from an order entered in the Court of Common Pleas of Philadelphia County (PCRA court) dismissing as untimely his third petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

Following a jury trial, Russell was convicted in 1992 of first degree murder and possessing instruments of crime and sentenced to the mandatory term of life imprisonment without the possibility of parole. We set forth the facts underlying those convictions in a prior memorandum as follows:

> On March 7, 1991, at approximately 10:30 o'clock P.M., Gregory Schofield, the Commonwealth's key eyewitness, was talking with Sherman Harris at the corner of Twenty-fifth and Harlan Streets here in North Philadelphia. After Schofield lent Harris three dollars, Harris proceeded to walk towards the intersection of Twenty-fourth and Harlan Streets. The defendant and an associate known as Nate approached Harris at a location in close proximity to 2452 Harlan Street. Nate began to tussle with Harris

_____

* Retired Senior Judge assigned to the Superior Court.

and knocked him to the ground. Harris fell near the steps of 2452 Harlan Street. Schofield then grabbed Nate and pulled him off Harris. At this point, the defendant, who was standing near the street during this struggle, told Harris, "I'm tired of you taking my stuff" and proceeded to fire five bullets at Harris with a .22 caliber revolver. The defendant stood above Harris from about five feet away as he fired the five shots, thereby emptying his revolver. However, instead of ceasing his gunfire, the defendant reloaded his gun and fired six more shots into Harris. Eight of these eleven gunshots entered the body of Harris and resulted in his death.

*Commonwealth v. Russell*, 3073 EDA 1999, unpublished memorandum, at 1-2 (Pa. Super. 2000).

We affirmed Russell's judgment of sentence by memorandum filed October 28, 1996. *Commonwealth v. Russell*, 2647 Philadelphia 1995, unpublished memorandum (Pa. Super. 1996). Russell unsuccessfully sought timely PCRA relief and we affirmed on appeal. 3073 EDA 1999.

On April 13, 2015, Russell filed his second PCRA petition and the PCRA court denied relief finding that Russell failed to plead and prove any exception to the one-year time bar. We affirmed on appeal, *Commonwealth v. Russell*, 400 EDA 2016, 2016 WL 5846824 (Pa. Super. 2016). Russell did not seek further review from our Supreme Court.

The present proceeding commenced on March 21, 2016. The PCRA court took no action until July 30, 2018, when it issued a notice of intent to dismiss. Russell did not reply and the PCRA court entered an order denying

the petition on September 18, 2018. Russel timely appealed and has briefed four issues, all of which are claims of ineffective assistance of trial counsel.[1]

Before addressing Russell's claims, we must first determine whether this petition was timely filed. The PCRA statute requires that any petition "shall be filed within one year of the date the judgment becomes final," 42 Pa.C.S. § 9545(b)(1). There are three exceptions, which apply if the petition alleges and proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Additionally, under § (b)(2), Jordan's claim had to be filed within sixty days of the date it could have been presented.[2]

---

[1] "When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." **Commonwealth v. Jordan**, 182 A.3d 1046, 1049 (Pa. Super. 2018). Timeliness presents a question of law, which we review *de novo* and our scope of review is plenary. **Commonwealth v. Hudson**, 156 A.3d 1194, 1197 (Pa. Super. 2017).

[2] The subsection was amended in October 2018 and now gives a petitioner one year to present claims arising on or after December 24, 2017.

The time-bar is jurisdictional and we must determine whether the PCRA petition was timely filed. **Commonwealth v. Graves**, 197 A.3d 1182, 1185 (Pa. Super. 2018). Since Russell's judgment of sentence became final long ago, the underlying PCRA petition was timely only if one of the exceptions applied.

The petition at issue, captioned "Petition for Post Conviction Relief to Exhaust Remedies and Preserve Issues Reviewable Under **Montgomery v. Louisiana**," was filed March 21, 2016. Petition, 3/21/16. **Montgomery**, which was issued on January 25, 2016, held that states must give retroactive effect to new substantive rules of constitutional law. One such substantive rule is **Miller v. Alabama**, 567 U.S. 460 (2012), which held that it is unconstitutional to impose a mandatory sentence of life imprisonment without the possibility of parole for crimes committed while the defendant was a juvenile. Russell's March 21, 2016 filing, therefore, facially satisfied the (b)(1)(iii) exception. **See Commonwealth v. Secreti**,134 A.3d 77, 82–83 (Pa. Super. 2016) ("The date of the **Montgomery** decision (January 25, 2016, as revised on January 27, 2016) will control for purposes of the 60–day rule in Section 9545(b)(2).").

However, the PCRA court correctly determined that **Montgomery**/**Miller** is of no moment since Russell was over eighteen at the time of his crimes. "[P]etitioners who were older than 18 at the time they committed murder are not within the ambit of the **Miller** decision and

therefore may not rely on [**Montgomery**] to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)." **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016). Furthermore, Russell did not even attempt to explain how his invocation of (b)(1)(iii) *via* **Montgomery** could revive claims of trial counsel ineffectiveness as those claims have nothing to do with **Miller**'s holding. Even if **Miller** applied to Russell, the only thing he would be entitled to is resentencing. *See Commonwealth v. Porter*, 35 A.3d 4, 13 (Pa. 2012) ("These provisions are claim-specific, as they would have to be, given the sixty-day filing restriction[.]"). Therefore, the PCRA court correctly determined that it lacked jurisdiction to address any and all of Russell's claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/19