J-S51017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HENRI EDWARD LAPINE, III | : | |
| | : | |
| Appellant | : | No. 372 MDA 2020 |

Appeal from the PCRA Order Entered February 11, 2020
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000633-2017

BEFORE:  MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:              **FILED MARCH 02, 2021**

Henri Edward Lapine, III, appeals from the order denying his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. We conclude the PCRA court did not err, and affirm the order.

In December 2017, Lapine pled guilty to one count of Sexual Abuse of Children (dissemination of photographs) and two counts of Sexual Abuse of Children (possessing photographs). **See** 18 Pa.C.S.A. §§ 6312(c) and 6312(d). The trial court sentenced Lapine to an aggregate sentence of 16 to 72 months' incarceration in February 2018, and gave Lapine credit for 180 days. Lapine did not file a post-sentence motion or a notice of appeal.

In February 2019, Lapine filed a counseled PCRA petition alleging, among other things, that trial counsel was ineffective for incorrectly identifying the potential maximum and minimum sentences, the court did not properly calculate the aggregate minimum sentence, and the guilty plea was not

voluntary and knowing. Lapine further alleged that counsel was ineffective for failing to file a motion to reconsider the sentence or an appeal, even though Lapine showed a desire to do so. The court held a hearing as to whether counsel was ineffective for failing to file a motion to reconsider the sentence or an appeal. It dismissed the remaining issues without a hearing, finding there were no issues of material fact and Lapine was not entitled to relief on those claims. Order, Feb. 27, 2019.

At the hearing, in December 2019, plea counsel testified that he explained and disclosed to Lapine the Sentencing Guidelines ranges, and that counsel felt it was in Lapine's best interest to enter the plea. N.T., 12/16/19, at 3-4. Counsel also said the sentence was fair and accurate, and that he had advised Lapine of his post-sentence rights on the day of sentencing. *Id.* at 3, 4-5. Counsel testified that he again spoke to Lapine about his rights at a meeting at the Bradford County Correctional Facility on the day after sentencing and did not recommend an appeal. *Id.* at 4, 5. Counsel said that after that meeting, he sent Lapine a letter confirming that Lapine did not want an appeal because the sentence was at the low end to the middle of the standard range of the Sentencing Guidelines. *Id.* Counsel testified that he saw no grounds for appeal. On cross examination, counsel agreed that he did not have experience "in running appeals through Superior Court." *Id.* at 6.

Lapine took the stand and testified that he had "highly functioning Asperger's, severe social anxiety disorder, opposit[ional] defiant disorder, . . . [and] a laundry list of psychological disorders that [he has] had since [he]

- 2 -

was six/seven years old." *Id.* at 12. However, he conceded that he did not tell counsel or the court about these diagnoses. *Id.* at 13. Lapine did not recall counsel reviewing with him the sentencing matrix or the sentences recommended in the pre-sentence investigation report. *Id.* at 14. He stated they "talked for a couple of minutes right before[ the sentencing] . . . but . . . really didn't go over much." *Id.*. Lapine testified that after the sentencing, the only conversation he had with counsel was "a quick phone call in which [counsel] told [Lapine] basically he did everything he could for [Lapine], it could have been a lot worse and good luck." *Id.* at 17. Lapine testified that the only thing counsel said about the appeal was that "there was no point in filing an appeal, nothing was going to come of it." *Id.* Lapine trusted counsel's judgment, stating "I'm not a lawyer." *Id.* Lapine testified that he did not understand at the time of the sentencing that the guidelines were a guide, he thought they were "protocol." *Id.* at 18.

The PCRA court credited counsel's testimony and denied the petition. Lapine filed this timely appeal and raises the following issue: "Whether the [c]ourt erred as a matter of law and abused its discretion in denying [Lapine's] PCRA Petition wherein [Lapine] alleged ineffectiveness of counsel?" Lapine's Br. at 10.

Our standard of review for the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Jordan*, 182 A.3d 1046, 1049 (Pa.Super. 2018).

To obtain relief based a claim of ineffectiveness of counsel for failure to file a direct appeal, the petitioner must prove that the petitioner asked counsel to file an appeal and his counsel failed to do so. **Commonwealth v. Lantzy**, 736 A.2d 564, 571 (Pa. 1999). The petitioner need not prove prejudice. **Id.**

To obtain relief based upon counsel's failure to file post-sentence motions, a defendant must meet the traditional three-pronged test for establishing ineffective assistance of counsel. **Commonwealth v. Reaves**, 923 A.2d 1119, 1127–32 (Pa. 2007). The petitioner must therefore establish the underlying claim had arguable merit, counsel lacked a reasonable basis for his inaction, and the petitioner suffered prejudice due to the failure. **Commonwealth v. Presley**, 193 A.3d 436, 442-43 (Pa.Super. 2018) (citing **Commonwealth v. Brown**, 161 A.3d 960, 965 (Pa.Super. 2017)).

Lapine maintains that the trial court failed to adequately state its reasons for the sentence on the record, and that this was a meritorious issue that counsel should have identified on appeal. He claims that counsel's stated reason to not appeal—that the sentence was in the low to middle range of the guidelines—was not acceptable. Lapine claims the court did not consider the evidence presented by Lapine at the sentencing, and the sentence was unreasonable because it was imposed without express or implicit

consideration of the general standards applicable to sentencing.[1] He claims counsel was ineffective for failing to identify this issue.

The PCRA court concluded Lapine's counsel ineffectiveness claims for failing to file a motion to reconsider the sentence or appeal were meritless. It found "[t]rial counsel credibly testified that he discussed a motion to reconsider and appeal specifically with [Lapine] and advised him against it" and Lapine "agreed that [he] took the advice of his counsel." Trial Court Opinion, filed Feb. 7, 2020, at 3. There was no evidence that Lapine requested further action. *Id.* at 3-4. The court therefore found the claims lacked merit. The record supports the PCRA court's findings, and it did not err in finding counsel not ineffective for failing to file a motion to reconsider or an appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/02/2021

---

[1] The certified record does not contain the sentencing transcript. Although it is an appellant's "responsibility to supply this Court with a complete record for purposes of review," we will not quash. **Commonwealth v. Martz**, 926 A.2d 514, 525 (Pa.Super. 2007). The lack of the transcript does not impede our review, because, as detailed below, we can dispose of Lapine's claim based on the PCRA hearing transcript.